ST. LOUIS, IRON MOUNTAIN & SOUTHERN RAILWAY COMPANY
v. DUDGEON.

Opinion delivered May 8, 1897.

PUBLIC DITCH—ESTABLISHMENT—COLLATERAL ATTACK.—The ditching act, in providing that the order of the county court establishing a public ditch shall be conclusive that all prior proceedings were regular and according to law (Sand. & H. Dig., § 1232), should not be construed to cut off all inquiry into jurisdictional facts, even on collateral attack. (Page 109.)

SAME—ENFORCEMENT OF LIEN—SUFFICIENCY OF COMPLAINT.—A complaint seeking to enforce the statutory lien for digging a public ditch, which alleges that "the county court, having caused all preliminary steps to be taken, establish-d said ditch," without specially alleging the essential jurisdictional facts upon which an order establishing a ditch should be based, is defective. (Page 109.)

Appeal from Clay Circuit Court, Western District.

FELIX G. TAYLOR, Judge.

Dodge & Johnson, for appellant.

G. B. Oliver, for appellees.

BUNN, C. J. The "Ditching Act," comprising sections 1203-1232, inclusive, of Sandels & Hill's Digest, under which this case arose, confers upon the several county courts of the state special jurisdiction to cause to be established and made public ditches in their respective counties, as therein directed and provided.

The act itself is entitled "An act to enable the owners of lands to drain them and reclaim them when the same cannot be done without affecting the lands of others, prescribing the powers and duties of county courts and other officers in the premises, and providing for the repair and enlargement of such drains." The first section of the act empowers the county court, at any regular session, to cause to be constructed, as the same provides, any ditch or drain within the county, "when the same shall be conducive to the public health or welfare, or when the same will be of public benefit or utility."

Section 30 of the act is in this language: "The amount of assessment made by the viewers and confirmed by the county court shall be a lien upon the lands so assessed from the date of the order from the court establishing the ditch or drain, and such order, together with the report of the viewers, on which the ditch is established, shall be notice to all the world of the existence of such lien, and this act shall be liberally construed to promote the drainage and reclamation of wet or overflowed land; and amounts due contractors holding the viewers' certificate of acceptance shall not be defeated by reason of any defect in the proceedings occurring prior to the order of the county court establishing the ditch, but such order or judgment of said court shall be conclusive that all prior proceedings were regular and according to law. The lien provided for in this act may be enforced by proceedings at law in the circuit court in any county in which said ditch or drain or a part thereof is located." This section, in effect, cuts off all collateral attacks upon the orders of the county court establishing the ditch, on account of any mere defects or irregularities of proceedings prior to making of such order. It is not however to be conceived that the legislature intended to cut off all inquiry into jurisdictional facts, even on collateral attack. *Grimmett* v. *Askew*, 48 Ark. 151.

The complaint in this case, omitting the merely formal facts, is as follows: That "on the —— day of 1893, a petition was presented to the county court of Clay county, praying that a ditch be constructed in said county on what is known as 'Murray's Creek;' that the county court, having caused all preliminary steps to be taken, established said ditch in compliance with said petition; that at the sale of the digging of said ditch one Joseph Dudgeon was awarded,the contract for the digging of that part of said ditch which was allotted to the southeast quarter of southeast quarter of section 15, township 20 north, range 3 east, at the price of $90; that the defendant, the St. Louis, Iron Mountain & Southern Railway Company, is the owner of said lands, and is liable for the payment of the same; that the said Joseph Dudgeon assigned said contract to H. D. Schwinegruber, who has completed his contract for the digging of said ditch, and the same has been accepted by the surveyor in charge of the construction of the same, who issued his certificate to the

said H. D. Schwinegruber for said sum; that the said Schwine-gruber assigned said certificate to this plaintiff. Plaintiff further states that it has a lien on said land to secure the payment of said sum, which is now due and unpaid, and that he (Schwinegruber) made demand therefor on the 5th day of December, 1893." Then follows a copy of the surveyor's certificate, and the indorsements thereon, and showing that the work had been performed at the price of 18 cents per cubic yard for 500 yards, and that defendant owes the same to said Schwinegruber; and then follows the prayer for judgment on the debt and foreclosure of the lien.

To this complaint defendant interposed a demurrer on the ground that it did not state facts sufficient to constitute a cause of action, which was overruled, and a plea to the constitutionality of the act, which, in effect, was also held insufficient; and, the defendant refusing to plead over, judgment and decree were for the plaintiff in accordance with the petition, and defendant appealed.

It is now too well settled to require or admit of discussion, that when a matter of special jurisdiction is conferred by statute upon a superior court of record, and the jurisdiction is to be exercised in a special manner, the judgment can only be supported by a record which shows jurisdiction affirmatively, and no presumption as to jurisdiction will be indulged. *Morris* v. *Dooley*, 59 Ark. 483, and authorities therein cited.

In this proceeding, the essential facts upon which the order and judgment of the county court are based, or should be, are a petition signed by one or more whose property is to be affected by the proposed ditch; and this petition, in substance, if not *in extenso*, should appear, as also the report of the viewers as confirmed by the court, setting forth a description of the lands affected, the length and location of the ditch, the manner in which the viewers have assessed the lands, and also showing that its construction will be for the public benefit, and conduce to the health and good of the neighborhood, and, after the establishment of the public ditch, the notice given and the manner of giving it, the resident and non-resident owners of the lands affected; for these and perhaps other facts, which will readily suggest themselves to the pleader in a careful reading

of the act, are jurisdictional as well as essential facts, without which the action of the county court could have no validity, for they involve acts which the statute makes it mandatory to do and have done.

As the complaint fails to show any of the essential facts connected with the establishment of the ditch, and declares upon them only in a general way, and since no presumption as to the existence of these jurisdictional facts can be indulged, but must be affirmatively shown, the demurrer should have been sustained. This makes it unnecessary to discuss the question of constitutionality. For the error named, the judgment and decree are reversed, and the cause remanded, with directions to sustain the demurrer, and permit plaintiff to amend his complaint, and to proceed in accordance herewith.