TERRE NOIR DRAINAGE DISTRICT No. 3 v. THORNTON.

Opinion delivered January 17, 1910.

1. DRAINS—SUFFICIENCY OF PETITION.—A petition for the formation of a drainage district is sufficient, under Kirby's Digest, § 1414, if it shows that the proposed ditch either will be "conducive to the public health, convenience or welfare" or "will be of public utility or benefit." (Page 335.)

2. SAME—SUFFICIENCY OF PETITION.—A petition for the formation of a drainage district which states that the proposed improvement is the "altering, widening and straightening" of a certain stream for the distance of 25 miles, that because the stream is crooked the land adjacent thereto is subject to frequent and violent overflows, and that the improvement is necessary to drain the adjacent lands, and to carry off the water during overflows, and which sets out the starting point, route and terminus of the proposed improvements, substantially complies with the statute. (Page 335.)

3. SAME—SUFFICIENCY OF JUDGMENT OF COUNTY COURT.—Where the judgment of the county court, in a proceeding to establish a public ditch set forth the petition, and found that it stated a necessity for the ditch and designated the starting point, route and terminus, and the viewers, appointed to make a preliminary survey, reported that the ditch was necessary, and the court so found and recited the facts in its judgment, a substantial compliance with the statute is shown. (Page 336.)

Appeal from Clark Circuit Court; *Jacob M. Carter,* Judge; reversed.

*Callaway & Huie,* for appellant.

The requirements of sections 1414-1415, Kirby's Dig., were complied with. Though the petition does not follow the exact language of the statute, the allegations as to the length of the proposed improvement, the tortuousness of the watercourse, the frequency of overflows and the consequent impairment of the value of the lands to be drained, were sufficient to bring to the attention of the court the existing conditions. The court then appointed viewers, with instructions to report "whether the proposed improvement is necessary, practicable or will be conducive to public health, convenience or welfare." Their report was in the affirmative, and the court approved and confirmed same, thus finding that the conditions called for in section 1414 really exist, and that there is a "necessity" for the improvement. This was a substantial compliance, which was sufficient. 64 Ark. 108; 64 *Id.* 555.

*W. E. Hemingway, E. B. Kinsworthy, Jno. E. Bradley, Jno. H. Crawford* and *Jas. H. Stevenson,* for appellees.

1. The petition was fatally defective. The establishment of ditches is a matter of special jurisdiction conferred on county courts, to be invoked in a specified manner. The statute requires that the petition which gives the court jurisdiction shall "set forth the necessity" of the proposed improvement. 59 Ark. 483; 64 *Id.* 108. Under such statutes, it is the generally established rule that the petition must contain express allegations of the necessity of the proposed improvement. 14 Cyc. 1031; 160 Ind. 533; 109 *Id.* 340; 92 *Id.* 332; 72 *Id.* 435; 67 *Id.* 206; 64 *Id.* 209; 64 *Id.* 104; 58 *Id.* 88; 3 N. Y. St. 486. See, generally, 2 Farnham, Waters and Water Rights, 1013; 129 Ill. 651.

2. The defective petition was not cured by the finding of the viewers nor the orders and findings of the county court. Under the statute, the court's order establishing the district should affirmatively show that the improvement is not only "necessary," but that "same will be conducive to public health, convenience or welfare," or "will be of public utility or benefit." The court orders in question fail to contain such jurisdictional recitals, and are therefore void. 59 Ark. 483; 2 Farnham, 1013; 105 Ind. 517; 86 Wis. 140; 76 Ia. 528; 17 Ohio St. 1; 129 Ill. 651; 19 Hun 17; 72 Ind. 435.

HART, J.  This is an appeal by the Terre Noir Drainage District No. 3 from a judgment of the Clark Circuit Court. The proceedings were commenced in the Clark County Court, where the judgment was in favor of appellant.  Upon appeal to the circuit court, C. S. Thornton, St. Louis, Iron Mountain & Southern Railway Company and others filed a demurrer to the jurisdiction of the court.

The basis of the proceedings was a petition filed in the county court, which, omitting the style of the court and the signatures to it, is as follows: "We, the undersigned petitioners, respectfully state that Terre Noir Creek, running through Clark County, is a very tortuous stream, and by reason thereof the greater portion of the land lying thereon and adjacent thereto is subject to frequent and violent overflows, and especially that part between the points hereinafter mentioned; that we desire said stream altered, widened and straightened for the purpose of properly draining the lands lying thereon and between the points hereinafter mentioned.  That said proposed altering, widening or straightening of said stream is to be done by ditch or ditches and excavations of necessary depth, size and dimensions to aid in promptly carrying off the waters of said stream during overflows.  That said proposed work is to begin about the southeast corner of section 5, township 8 south, range 21 west, and running in a southeasterly direction with the general course of said stream through township 8 south, range 21 west, and townships 8 and 9 south, range 20 west, and townships 9 and 10 south, range 19 west, and township 10 south, range 18 west, to or near the point where said stream empties into the Little Missouri River, in section 35, township 10 south, range 18 west, as aforesaid; making said proposed improvement covering a distance of about twenty-five miles in length.  That we are the owners of land liable to be affected by, or assessed, or re-assessed for the construction of same.  That it is desired that bonds be issued for the purpose of making said improvement.  Wherefore we pray the court that said stream be straightened, altered and improved as aforesaid; that all proper and necessary orders be made and entered by this court for the purpose of carrying out said proposed improvement, as provided by sections 1414, 1415, 1416 *et seq.*, and as amended, of Kirby's Digest of the Statutes of Arkansas."

Section 1414 of Kirby's Digest confers upon the county court power to cause to be constructed a ditch "when the same shall be conducive to the public health, convenience or welfare, or when the same will be of public utility or benefit."

Section 1415 provides that the court shall establish the ditch when a petition of a designated number of landowners, setting forth the necessity therefor, with a general description of the proposed ditch shall be filed with the county clerk.

In construing similar sections of a former drainage act the court, in the cases of *St. Louis, Iron Mountain & Southern Ry. Co.* v. *Dudgeon*, 64 Ark. 108, and *Cribbs* v. *Benedict*, 64 Ark. 555, held that the jurisdiction of the county court is special, and is to be exercised in a special manner, and for that reason that the petition must set out all the essential facts required by the statute. The necessity contemplated by section 1415 of the Digest is, as shown by section 1414, that the proposed ditch shall be conducive to the public health, convenience or welfare, or will be of public utility or benefit. It is true that the allegations of the petition do not follow the exact language of the statute; but the essential facts are stated, and it is from these facts that the court must find that the proposed ditch will be "conducive to the public health, convenience or welfare," or will be "of public utility or benefit."

The petition states that the proposed improvement is the "altering, widening or straightening" of a stream for the distance of twenty-five miles. That, because the stream is crooked, the land adjacent thereto is subject to frequent and violent overflows, and that the improvement is necessary to drain the adjacent lands, and to carry off the water during overflows. The starting point, route and terminus of the proposed improvement is set out in the petition. It is manifest that these frequent overflows will cause the low lands to be filled with water and thus become swamps and marshes; and that the proposed improvement will relieve these low lands of their stagnant water. The result will be to prevent disease and open up for use a large body of land, twenty-five miles in length. The length of the proposed improvement shows the extent of the area to be drained, and is indicative of its public character. In our judgment this was in substantial compliance with the statutory requirement,

and a substantial compliance with the statute is sufficient. *Cribbs* v. *Benedict, supra.*

The order or judgment of the county court sets forth *in extenso* the petition, and finds that it states the necessity of said proposed improvement, and it designates the starting point, route and terminus; and viewers were appointed to make a preliminary survey and ascertain whether it will be conducive to the public health, convenience or welfare. They reported that the proposed improvement was necessary, and that it would be conducive to the public health, convenience and welfare; and the court found from the report in favor of making said improvement, and these facts were recited in its judgment. This was a substantial compliance with the statute, and a substantial compliance, as we have seen, is all that is necessary. *Cribbs* v. *Benedict, supra; Chapman & Dewey Land Co.* v. *Wilson,* 91 Ark. 30.

Therefore the circuit court erred in sustaining the demurrer to the petition, and the judgment is reversed, and the cause remanded for further proceedings not inconsistent with this opinion.