## GRIFFIN *v.* BOSWELL.

### Opinion delivered June 5, 1916.

1. JURISDICTION—EXERCISE OF SPECIAL JURISDICTION BY COURTS.—When a matter of special jurisdiction is conferred by statute upon a superior court of record, and the jurisdiction is to be exercised in a special manner, the judgment can only be supported by a record which shows jurisdiction affirmatively, and no presumption as to jurisdiction will be indulged.

2. ROAD DISTRICTS—FORMATION.—A compliance with sub-division B. of section one of Act 338, Acts of 1915, providing for the filing of certain plats and estimates, is a condition precedent to the exercise of jurisdiction in the matter of forming a road improvement district under the act, and a failure to comply with its provisions renders all subsequent proceedings void.

3. CERTIORARI—WANT OF JURISDICTION—REMEDY.—Where there is a want of jurisdiction in the court to act, *certiorari* is an appropriate remedy to review the proceedings of the county court. In such cases the trial is solely by inspection of the record, and no inquiry as to any matter not appearing by the record is permissible; if the want of jurisdiction appears by the record, the proper judgment is that the record be quashed.

4. COURTS—PROCEEDINGS UNDER STATUTE—JURISDICTION.—Where proceedings in the county court are under statute and not according to the course of the common law, every material requirement must be observed and the proceedings must show on their face a substantial compliance with the statute.

Appeal from Pope Circuit Court; *A. B. Priddy,* Judge; affirmed.

*J. T. Bullock* and *Wilson & Williams,* for appellants.

1. The judgment and order of the county court were not void and can not be attacked collaterally, but only directly by appeal. 23 Cyc. 1074, 1088; 100 Ark. 63; 66 *Id.* 113; 43 *Id.* 328; 152 U. S. 327; 10 Peters 479; 5 Ark. 424.

2. Appellees are barred. 115 Ark. 88; 89 *Id.* 604; 52 *Id.* 213.

*J. G. Wallace & Son,* for appellees.

1. *Certiorari* is a direct proceeding to quash a void order. 123 Ark. 205; 123 Ark. 298. Where a judgment is void on its face for want of jurisdiction *certiorari*

is the proper remedy. 9 Ark. 73; 28 *Id.* 359; *Ib.* 173; 38 *Id.* 159; 39. *Id.* 173; 68 *Id.* 205; 69 *Id.* 587; '94 *Id.* 54; 111 *Id.* 79.

2. When the record itself discloses error there are no presumptions in favor of the regularity of the proceedings. 31 Ark. 567; 61 *Id.* 464; 89 *Id.* 160; 91 *Id.* 527.

3. There was no waiver nor are appellees estopped, nor barred by laches. 68 Ark. 205, 208; 111 *Id.* 79. The writ is within the sound discretion of the court. 89 Ark. 604; 52 *Id.* 213; 5 R. C. L. 257.

HART, J. On the 25th day of March, 1916, appellees filed their petition in the circuit court praying for a writ of *certiorari* requiring appellants to produce the records and proceedings of the county court of Pope County relating to the formation of Road Improvement District No. 1 of Pope County, Arkansas, to the end that the proceedings and orders establishing said road improvement district be quashed. Appellants answered and made a copy of the records of the county court a part of their answer and demurred to the petition of appellees. Appellees demurred to the answer of appellant. The court overruled the demurrer of appellants and sustained the demurrer of appellees to the answer of appellants. A judgment was accordingly entered, quashing and annulling all the orders and proceedings of the county court relating to the formation of said road improvement district. The case is here on appeal.

The district was created under a general act of the Legislature of 1915, Acts of Arkansas, 1915, page 1400. The record affirmatively shows that the provisions of the act were in all respects complied with except that it does not show that a preliminary survey, plans, specifications and estimates of the costs of improvement were filed with the county court before the petitions for formation of the district were circulated, and appellees allege that no such plans, specifications or estimates were filed. They contend that the judgment of the county

court establishing the road district is void because of the failure to comply with the act in this respect.

On the other hand it is the contention of appellants that appellees' remedy to correct the alleged error was by appeal and that the time for appeal having elapsed, they can not now complain of jurisdictional defects or irregularities in the formation of the district. In other words they contend that the present proceeding is a collateral attack upon the judgment of the county court and for that reason can not be maintained.

(1)   As we have already seen the road district in question was formed under act number 338 of the Acts of 1915. In *Lamberson* v. *Collins,* 123 Ark. 205, the court held that a compliance with both subdivisions of section one of the act is necessary in order that the formation of a road district under said act shall be held valid. The record does not show that there was any attempt to comply with subdivision B of section 1 of the act in the matter of procuring a preliminary survey and plans, specifications and estimates from the State Highway Commission before circulation of the original petition among the land owners. The effect of our decision in the case of *Lamberson* v. *Collins* just referred to, is that the proceedings for the formation of road improvement districts under the act are statutory and not according to the course of the common law. It is also apparent from the decision that the procuring a preliminary survey, plans, specifications and estimates from the highway commissioner as required by the act is a jurisdictional fact and under the statute further proceedings are a nullity unless the record affirmatively shows a compliance with the statute in this respect. It is now too well settled in this State to require or admit of discussion that when a matter of special jurisdiction is conferred by statute upon a superior court of record, and the jurisdiction is to be exercised in a special manner, the judgment can only be supported by a record which shows jurisdiction affirmatively, and no presumption as to jurisdiction will be indulged. *St. Louis, I. M.*

& S. Ry. Co. v. Dudgeon, 64 Ark. 108; Cribbs v. Benedict, 64 Ark. 555; Beakley v. Ford, 123 Ark. 383; Tipton, Admr. ex parte, 123 Ark. 389.

(2-4) A compliance with subdivision B of section 1 of the act is a condition precedent to the exercise of jurisdiction in the matter of forming a road improvement district under the act, and failure to comply with its provision renders all subsequent proceedings void. Hence it is not necessary to decide whether the present proceeding is a direct or collateral attack upon the judgment of the county court. It is true an appeal was taken in Lamberson v. Collins and Churchill v. Vaughan, 123 Ark. 298, but it is well settled in this State that where there is a want of jurisdiction in the court to act, certiorari is an appropriate remedy to review the proceedings of the county court. Cotter School Dist. No. 60 v. Cotter School Dist. No. 53, 111 Ark. 79; Lyons v. Green, 68 Ark. 205; Street v. Stuart, 38 Ark. 159; Baxter v. Brooks, 29 Ark. 173. In such cases the trial is solely by inspection of the record and no inquiry as to any matter not appearing by the record is permissible. If the want of jurisdiction appears by the record, the proper judgment is that the record be quashed. Here it appears that the county court exceeded the limits of its jurisdiction and certiorari was the proper remedy to review its proceedings. The proceedings in the county court being statutory and not according to the course of the common law, every material requirement must be observed and the proceedings must show on their face a substantial compliance with the statute. Not having done so, the circuit court was right in quashing the proceedings in the county court and its judgment will be affirmed.