JONES *v.* ROAD IMPROVEMENT NO. 1 OF SEVIER COUNTY, ARKANSAS.

Opinion delivered December 18, 1916.

1. ROADS—ORGANIZATION OF DISTRICT—PLANS AND SURVEYS.—Act 338, Acts of 1915, provides that upon the application to the county judge of ten or more property owners within a proposed district, that the Highway Commissioner shall have prepared a preliminary survey of the proposed road; *held,* the provision about the method of obtaining the survey and plans was directory merely, and that a recital in the record as to how the survey was procured, was not necessary to the validity of the organization of the district.

2. ROADS—FORMATION OF DISTRICT—NAMES TO PETITION.—Names sufficient to make the necessary majority of property owners under the statute, may be added to the petition, up to its final presentation to the county court.

3. ROADS—FORMATION OF DISTRICT—ROUTE—AUTHORITY OF COUNTY COURT.—Under § 36 of Act 338, Acts of 1915, the authority of the county court was continued over the creation of public roads, and the court was given special authority to change the route of any public road to conform to the route of the proposed improvement district.

Appeal from Sevier Circuit Court; *Jefferson T. Cowling,* Judge; affirmed.

*B. E. Isbell,* for appellant.

1.   The act provides for the construction of a new road and violates the Constitution.   92 Ark. 93, 621; 118 *Id.* 669; 115 *Id.* 88; *Ib.* 594; 116 *Id.* 167.   This point and these authorities were cited in 123 Ark. 205; Act 338, 1915.   The road was not laid out and dedicated as provided by law.   All facts essential to jurisdiction must appear upon the face of the record.   123 Ark. 195; *Ib.* 211; *Ib.* 283; 103 Ark. 446; 54 *Ib.* 627; 51 *Id.* 34.

2.   There was not a majority when the petitions were filed.   123 Ark. 305; *Ib.* 298.

3.   The organization of the district was not to the best interest of the land owners.   The uncertainty

should be resolved in favor of the land owner. 106 Ark. 304; 116 *I d.* 30.

*Lake & Steel* and *James D. Head*, for appellees.

1.   The road was properly established.   50 Ark. 53; 102 *I d.* 533; 89 *I d.* 513; Act 422, 1911.   The change was properly made by formal order.   102 Ark. 553.

2.   All conditions precedent to jurisdictions must be shown and were shown here.   This was a road by dedication and use.   50 Ark. 53; 102 *I d.* 533; 89 *I d.* 513; 123 Ark. 298; *Ib.* 305; 124 Ark. 234.

3.   The change was properly made.   All jurisdictional facts were shown and the act was fully complied with.   The petitions were consolidated and treated as one.   72 Ark. 187; 73 *I d.* 270.

4.   The testimony does support the judgment.   40 Ark. 290; 123 *I d.* 298.

McCULLOCH, C. J.   The county court of Sevier County, on the petition of what was found to be a majority of the owners of real estate in the locality affected, made an order forming a road improvement district pursuant to the terms of Act No. 338 of the General Assembly of 1915, entitled, "An act providing for the creation and establishment of road improvement districts for the purpose of building, constructing and maintaining the highways of the State of Arkansas." Appellants, who are the owners of real property in the district, appeared in apt time and filed a remonstrance against the organization of the district, and they appealed to the circuit court from said order.   On the trial in the circuit court, there was a finding in favor of the petitioners, and the court rendered a judgment affirming the judgment of the county court, and an appeal has been duly prosecuted to this court.

The first point made against the validity of the proceedings is that there is no legal evidence in the record as to a request, either by the county judge or by ten property owners, to the State Highway Commission for the survey of the line of the road as required by the terms of the statute.   The statute provides that upon

the application of the county judge or ten or more land owners within a proposed district to the State Highway Commission, it shall be the duty of the Commissioners to direct the State Highway Engineer, or his assistant, "to prepare preliminary surveys, plans, specifications and estimates of the roads which it is proposed to construct and improve," and file the same in the county court for the purpose of determining the feasibility of the project and the costs thereof, and that said surveys, plans, specifications, etc., shall be filed in the county court before the petitions are circulated among the property owners.

(1)    It is contended that the request to the State Highway Commission is a jurisdictional step in the proceedings, and that the evidence thereof must affirmatively appear in the record. We held in *Lamberson* v. *Collins*, 123 Ark. 205, that the requirement for the making of the surveys, plans, maps, estimates, etc., by the State Highway Engineer, and filing same in the county court before the circulation of the petition, was jurisdictional, and that the failure to comply with that provision was fatal to the validity of the organization. It is quite another question, however, whether the request by the county judge or the number of land owners mentioned, to the State Highway Commission is jurisdictional. The important thing that was evidently in the mind of the lawmakers was to provide some means whereby the property owners could know in advance what steps they were called on to express an opinion about in signing or refusing to sign the petitions circulated. It is not so much a matter why the surveys, plans and estimates were prepared, but the fact that they were prepared and filed with the county court is the jurisdictional requirement set forth in the statute. The request may be made either by the county judge or by ten property owners, and this is directed to the State Highway Commission and not to the county court, so it is evident that the Legislature did not intend to make the jurisdiction of the court depend upon the request to the State Highway Commis-

sion, and evidence of that request is not essential to the validity of the proceeding. The provision about the method of obtaining the surveys and plans is only directory.

(2) It is next contended that the proceeding is void because some of the petitions were filed after the publication of the notice. It appears from the record that the four petitions, containing more than three hundred names of the owners of real property in the district, were filed on May 9, 1916, and on that day the county court made an order fixing the first day of June, 1916, as the date for hearing the petitions, and the notice was then published as provided by statute, but that on May 31, other petitions were filed containing names necessary to make up a majority. There is a controversy as to whether or not the names on the first four petitions constituted a majority in "value, acreage or number of land owners," but we deem that immaterial for we are of the opinion that the statute gives the right to add names sufficient to make a majority up to the time of the final presentation of the petitions in the county court.

Subdivision A of section 1 of the statute referred to reads as follows: "The original petition may be circulated among the land owners, or such number of exact copies of same as may be deemed necessary may be circulated, and when all of said petitions are filed at or before the time of the hearing above mentioned, the said petitions shall be consolidated and treated as one petition, if same are filed before or at the date of said hearing." The language of the concluding paragraph of subdivision B of the section is not altogether clear, and might appear to be in conflict with the language just quoted above, but we are of the opinion that the two expressions can be harmonized by construing them together to mean that the petition or petitions must be filed before the county court has authority to cause notice to be published, but that the petitions may be added to or additional petitions filed up to the hearing, and that all the petitions so filed are considered by

the court in determining whether or not there is a majority of owners signing the petitions.

The evidence adduced by appellants establishes the fact that a small portion of the line of the road to be improved is not a public highway, though the evidence is conclusive that the greater portion of it is in fact a public highway. The entire route of the road stretches clear across the county, but the evidence shows about a mile, or perhaps less, had not been created a public road. It is contended that to grant the petition will conflict with the rulings of this court in certain cases where it was held that it is beyond the power of the Legislature to invade the jurisdiction of the county court by providing for the creation of public roads through the agency of improvement districts instead of by an order of the county court. *Parkview Land Co.* v. *Road Improvement Dist. No. 1*, 92 Ark. 93.

(3) Section 36 of the act provides that the commissioners and the county court in changing the route of any road may enter upon and lay out said road over any lands in any road improvement district, and that "nothing in this act shall be construed to divest the county court of its exclusive jurisdiction to determine any matter relating to county roads over which the said county court has such exclusive jurisdiction." Now, it is clear that the Legislature intended by this section to preserve the constitutional jurisdiction of the county court and to continue that court's authority over the creation of public roads, and to give it special authority to change the route of any public road to conform to the route of the proposed improvement district. This is not an encroachment upon the jurisdiction of the county court, but preserves its complete authority over the establishment of public highways, for the Commissioners have no power to change the route unless the county court orders the change.

Considerable testimony was adduced on each side of the controversy concerning the feasibility of the plan, and we think the testimony was sufficient to sustain the finding of the court that the establishment of

the district was for the best interests of the owners of property, and that a majority of them favored it and signed the petitions. The finding of the trial court is binding upon us when supported by legally sufficient evidence. We are of the opinion, therefore, that all of the jurisdictional requirements have been complied with, and that there was no error in the proceedings which calls for a reversal of the judgment.

Affirmed.