VENABLE *v.* TOWN OF PLUMMERVILLE.

Opinion delivered October 15, 1917.

1. MUNICIPAL CORPORATIONS—IMPROVEMENT OF STREETS—WHO CAN BIND CITY.—Neither the mayor nor street committee of the city council has authority to contract for the improvement of city streets. The city council alone can contract as provided in the statute.

2. MUNICIPAL CORPORATIONS—INVALID ACTS OF OFFICIALS—RATIFICATION BY COUNCIL.—In order for the unauthorized act of the mayor or council committee to be ratified by the council, the proper officers must take some affirmative or negative action, which amounts to an approval of the matter in question.

3. MUNICIPAL CORPORATIONS—RATIFICATION OF INVALID ACT.—Mere knowledge by the council cannot amount to a ratification of an unauthorized act of the mayor or members of the council.

Appeal from Conway Circuit Court; *A. B. Priddy,* Judge; affirmed.

*Edward Gordon,* for appellant.

1. The work was done acceptably under the contract, and the town paid a part of the price. The improvements were necessary and valuable, and appellant was entitled to recover such amount as his services were worth. It was the duty of the town to keep its streets in repair. Kirby & Castle's Digest, § 6483; Act March 9, 1875; 61 Ark. 397; Beach on Publ. Corp., § 217; 47 Ark. 269; 58 *Id.* 348; 98 *Id.* 38; 124 *Id.* 6-9; 28 Cyc. 1044; 36 Cent. Dig., § 880.

The town received the benefits of labor and money expended for its benefit and is liable.

*Sellers & Sellers,* for appellee.

1. The complaint stated no cause of action. No ordinance was passed nor contract made with the city council. Dillon, Mun. Corp., § 89; Kirby's Digest, § 5473; 40 Ark. 107.

2. No contract was ever made. 61 Ark. 397. Nor was the work ever accepted by the town. There can be no estoppel. 2 Dillon, Mun. Corp., § 777; 58 Ark. 270. Nor was there any ratification. 61 Ark. 402.

3. The act of the council disallowing the claim is binding. Kirby's Digest, § 1315; 62 Ark. 196, 201; 109 *Id.* 100; 6 Cyc. 550, note 60, p. 753; 29 Ark. 448; 23 Cyc. 1118; 52 S. W. 1078; 62 N. E. 447; 48 U. S. L. Ed. 195; 45 N. Y. S. 836; 97 N. W. 454; 52 S. E. 300; 4 Enc. Pl. & Pr. 38, 58, 74, 84.

### STATEMENT BY THE COURT.

Luther Venable sued the town of Plummerville to recover a balance of $271.50 alleged to be due him by the town for work done on its streets. The facts are as follows:

Luther Venable was employed by Conway County to work its roads and had in his possession the county road machinery. D. E. Thomas, the mayor of the town of Plummerville, wished to employ him to improve the streets of that town. It was agreed between them that Venable would do the work for a stipulated sum if the county judge would allow him to use the road machinery. The county judge agreed to this and the mayor had Venable enter into an oral agreement whereby the latter was to do certain work upon the streets of Plummerville. Venable did work to the amount of $421.50. His work was satisfactory and done in accordance with his contract with the mayor. The county judge allowed him $150.00 out of certain funds which belonged to the town of Plummerville. This amount was paid Venable, but the city declined to pay him any further sum for the work done by him.

The testimony shows that the mayor and the members of the council, who are also members of the street committee, knew that Venable was doing the work. They said they did not make any objection to it. The three members of the street committee admitted that they knew the work was being done, but stated that they understood the county was going to pay for it. They also testified that the work was needed and that it was done in a satisfactory manner. The mayor admitted making the contract, but stated that it was understood at the

time that the county judge should pay $250.00, and that he later refused to make Venable an allowance for this sum. It is also shown by another member of the council and the recorder that they knew the work was being done, but they said that they had been informed that the county would pay for it.

The case was tried before the court sitting as a jury. The court found for the defendant and judgment was entered accordingly. The plaintiff has appealed.

HART, J., (after stating the facts).

Section 5473 of Kirby's Digest, among other things, provides:

"On the passage of every by-law or ordinance, resolution or order, to enter into a contract, by any council of any municipal corporation, the yeas and nays shall be called and recorded; and to pass any by-law or ordinance, resolution or order, a concurrence of a majority of a whole number of members elected to the council shall be required."

(1) Section 5456 provides that they (municipal corporations) shall have power to improve and repair their streets and alleys. Neither the mayor of the town of Plummerville nor the street committee of the council had the authority to make the contract with Venable for the improvement of the streets of the town. The town council alone could make the contract in the manner provided by the statute. *City of Mena* v. *Tomlinson Bros.,* 118 Ark. 166, and *Cutler* v. *Town of Russellville,* 40 Ark. 105.

(2-3) It is not shown by the record that the town council by ordinance or resolution made any contract with Venable to work the streets nor does the record show that the town council authorized either the mayor or the members of the street committee to make such contract. It is claimed, however, that the contract, as made by the mayor, was ratified. Reliance is placed upon *Frick* v. *Brinkley,* 61 Ark. 397, and *Forrest City* v. *Orgill,* 87 Ark. 389. We do not think, however, that

either one of those cases is authority for the position taken by counsel. In the first mentioned case there was a sale of piping to the town by one of its aldermen. Such contract was contrary to the statute. The town kept the piping and a recovery on a *quantum valebat* was allowed. So, too, in the last mentioned case the city officers purchased some water works machinery and the contract was not authorized by any ordinance, resolution, or order of the council in the manner provided by the statute, but the water works machinery was kept and used by the city. On this account a recovery as upon *quantum valebat* was allowed.

In the present case there was no ratification of the contract whatever by the town council. Knowledge by individual members of the council by conversations on the street could not be considered as a ratification by the council as a body. There was no action taken by the council in the matter at all. There was nothing to indicate that it accepted the work. Besides the members of the council and the mayor testified that they understood that the county was to pay for the work except the amount which had already been paid by the town. In order for the ratification to become effective there must be some affirmative action by the proper officers, or some negative action which of itself would amount to an approval of the matter in question. *Texarkana* v. *Friedell,* 82 Ark. 531.

It follows the court was warranted in finding for the defendant, and under the settled rules of this court the findings of fact made by the court sitting as a jury are as binding upon appeal as the verdict of a jury.

Therefore, the judgment will be affirmed.