AMERICAN HARDWOOD LUMBER CO. *v.* THE CITY OF BENTON.

Opinion delivered January 14, 1918.

1.   MUNICIPAL CORPORATIONS—PURCHASE OF LUMBER—LIABILITY.—A city council passed a resolution authorizing the purchase of certain lumber, to be used in opening a certain street. *Held,* where the resolution was properly passed, the payment of the obligation incurred under it can not be defeated by a showing that the members of the council voted for it under a mistaken apprehension as to the cost, and that otherwise they would not have voted for it.

2.   MUNICIPAL CORPORATIONS—OPENING STREET—PURCHASE OF LUMBER.—The street committee of a city council had a discretion, under resolution of the council, to open a certain street; and where it exercises that discretion, and opens the street, the city will be liable for lumber purchased and actually used in the work of opening the street.

Appeal from Saline Circuit Court; *W. H. Evans*, Judge; reversed.

*W. R. Donham,* for appellant.

1. The council had the right to open the street and to contract for work and materials necessary. Kirby's Digest, § 5466. Also to delegate this right to its street committee. 105 Ark. 506.

2. The action of the committee was ratified by the city. 87 Ark. 389; 61 *Id.* 397; 67 *Id.* 236; 81 *Id.* 244; 82 *Id.* 531; 81 *Id.* 143.

3. The verdict is contrary to the law and evidence. Instruction No. 8 should have been given.

SMITH, J. Appellant sued to recover the purchase price of a lot of lumber sold by it to the city of Benton. The suit was defended upon the ground that the purchase had been made without authority of law. Issue was joined upon this question, and, in addition, it was contended that the city had become liable for the purchase by ratification.

The city council passed a resolution whereby its street committee was authorized to open Hazel street from Market street to East street in said city, a distance of two blocks. Witnesses detail the occurrence at the meeting of the council at which the resolution was passed, and it was shown that members of the council, who were also members of the street committee, had stated that the cost of the work authorized by the resolution would not exceed fifty or sixty dollars. As a matter of fact, the work cost several hundred dollars, and the bill of lumber sued for amounted to $179. It was shown that to improve Hazel street as provided in the resolution it was necessary to do considerable grading, and it became necessary to provide a place to dump the earth excavated from Hazel street. There was a deep ditch along Market street which had been washed out by the flow of the surface water down it until its depth was such that, as one witness expressed it, a horse could have been buried in it standing up. The street committee conceived the idea of

putting culverts in this ditch and then filling in with the excavated earth, and the lumber sued for was bought and used for that purpose. Members of the committee testified that in their opinion the saving in the hauling of the earth equaled the cost of the lumber and that the city, without additional cost, succeeded in getting the ditch filled.

It is now contended by appellant that the authority to buy the lumber was necessarily implied, and also that, inasmuch as the city now retains the lumber and uses it as culverts, the purchase of the lumber is ratified, even though it was not authorized.

(1) The court refused to give an instruction numbered 8, requested by appellant, which reads as follows:

"You are instructed that even though you believe that the cost of grading Hazel street was estimated by members of the council, and that they did not believe that the cost would be greater than a given sum, and even though you should further believe that their belief in this respect induced them to pass the resolution to open up Hazel street, yet you are further instructed that this belief on their part was based upon a mere matter of estimate and judgment; and even though the cost of opening said street exceeded the amount which they had in mind at the time of voting for said resolution, yet you are instructed that this did not nullify or in any way interfere with the authority of the street committee to open said street."

This instruction should have been given. The resolution was properly passed, and the payment of obligations incurred under it could not be defeated by a showing that the members of the council voted for it under a mistaken apprehension as to the cost, and that otherwise they would not have voted for it.

Counsel for appellant invokes the doctrine of the case of *Forrest City* v. *Orgill*, 87 Ark. 389, and the case there cited to sustain the contention that the city is liable for the lumber by ratification. The case cited quotes from

the case of *Texarkana* v. *Friedell,* 82 Ark. 531, the following statement of the law:

"A municipal corporation may ratify the unauthorized acts of its agents or officers which are within the scope of the corporate powers, but not otherwise. * * * In order to have ratification, there must be some affirmative action by the proper officers, or some negative action, which of itself would amount to an approval of the matter in question."

But neither condition exists here. It is not contended that any affirmative action has been taken, and, under the circumstances, mere inaction could not, of itself, amount to an approval of the matter in question. The city had the choice only of remaining inactive or of opening the ditch and digging up the lumber, which would certainly entail a considerable cost. *Venable* v. *Town of Plummerville,* 130 Ark. 477, 198 S. W. 106.

(2) The court properly gave instructions which, in effect, told the jury that the street committee had a discretion in the performance of their duties in opening Hazel street, and that if, in the exercise of this discretion and in the discharge of this duty, they had bought this lumber and used it for the purpose stated, their action in so doing was within the apparent scope of their authority. And so it was. It is not proper now to review this discretion. The right to exercise this discretion inhered in the committee charged with the performance of the duty which called for its exercise, and the city would, therefore, be liable for the lumber if it was purchased by the committee in discharge of the duties imposed by the resolution under which they claim to have acted.

For the error in refusing to give the instruction set out, the judgment will be reversed and the cause remanded for a new trial.