VANDERFORD v. MONROE COUNTY ROAD IMPROVEMENT
DISTRICT No. 4.

Opinion delivered October 30, 1922.

1. HIGHWAYS—ALTERATION OF PETITION.—Where the county judge and others interested in the organization of a road improvement district under Crawford & Moses' Dig., § 5399 et seq., altered the petitions prepared by the State Highway Engineer, so as to eliminate certain lands not benefited before circulating them, the validity of the proceedings was not affected, since the preservation intact of the petitions as prepared is not jurisdictional; the essential thing being that the petitions as presented indicated the boundaries, and that there be on file plans and estimates prepared by the Highway Engineer.

2. HIGHWAYS—BOUNDARIES OF ROAD IMPROVEMENT DISTRICT.—The State Highway Department has nothing to do with fixing the boundaries of road improvement districts except to describe the same in the petitions prepared at the indication of the promoters; such boundaries being primarily established by the property owners in the petition which they sign, though power is conferred on the county court under Crawford & Moses' Dig., § 5401, on hearing to eliminate from the district any lands not benefited.

3. HIGHWAYS—IMPROVEMENT DISTRICT—CONCLUSIVENESS OF COUNTY COURT'S FINDING.—The finding of a county court in its order creating a road improvement district under Crawford & Moses' Dig., § 5399 et seq., that certain changes in the petition therefor were made before it was signed, is conclusive on collateral attack; the jurisdiction of the county court being dependent only on the filing of the plans and estimates of the highway engineer and the signing of the petition by the property owners.

4. HIGHWAYS—IMPROVEMENT DISTRICT—PRESUMPTION.—Where the county court granted a petition establishing a road improvement district under Crawford & Moses' Dig., § 5399 et seq., it will be conclusively presumed that the court found, upon proper evidence, that erasures in the petition filed were made before the same was signed and presented.

Appeal from Monroe Chancery Court; *John M. Elliott,* Chancellor; affirmed.

*Joe P. Melton,* for appellant.

Under section 5400, C. & M. Digest, the county judge had no authority to change either the petitions or plats prepared for circulation among the landowners. That

section must be strictly complied with. 127 Ark. 310; 123 Ark. 205; 123 Ark. 298; 126 Ark. 318.

*Bogle & Sharp,* for appellees.

The county court had the power to eliminate lands from the petition before they were signed. 142 Ark. 509.

McCulloch, C. J. This case involves an attack upon the validity of the organization of a road improvement district in Monroe County created by an order of the county court, made pursuant to the general statutes of the State authorizing the creation of such districts. Acts of 1915, p. 1400, Crawford & Moses' Digest, § 5399 *et seq.*

It is alleged, as the basis of the attack upon the validity of the proceeding, that the petitions prepared by the State Highway Engineer for circulation among the owners of property were altered by the county judge by the erasure of the description of some of the lands described in the petitions, and that the said petitions, as filed, were different in some respects from each other, and also differed from the petitions prepared and filed in the county court by the State Highway Engineer.

This action was instituted and tried in the chancery court of Monroe County, and it is alleged in the complaint that the county judge of Monroe County applied to the State Highway Department for the preparation of preliminary plans, surveys, specifications, and estimates of the cost of the road proposed to be built, and that such plans, specifications and estimates were prepared and filed; that thereafter the State Highway Engineer prepared, upon request of the county judge, petitions to be circulated among the landowners of the proposed district, and attached to each of the petitions a plat on which the boundaries of the proposed district were plainly indicated; that the petitions contained a description of the lands to be embraced within the district, and "that the petition of the property owners, as filed in the county court, differed with respect to the boundaries of the district and the description of the lands therein contained

from the petitions presented to the highway department, and also from the petitions prepared by the highway department for circulations among the property owners."

It is also alleged that "the lands described in the petition filed by the property owners in the county court also differed from the lands as shown upon the plat, as being within the boundaries of the district; and it is therefore impossible to tell whether the property owners, in signing the petition for the formation of the district, wished the district to be formed in accordance with the boundaries as shown upon the plat, or in accordance with the boundaries as decribed in the petitions."

There was an answer filed, in which it was denied that there was any difference between the petitions actually filed, but it was admitted that, after the State Highway Engineer had prepared the petitions in which the lands to be embraced in the district were described, it was determined by the county judge and others who were interested in the creation of the district, that certain sections of land described in the petitions would not receive benefit from the proposed improvement and should not be embraced in the petitions, and that the county judge, before the circulation of the petitions, erased those sections from the petitions; that thereafter the petitions were circulated and signed by the property owners, and that the district was formed by order of the county court establishing the boundaries of the district in accordance with the petitions as altered before circulation.

There was oral testimony presented to the court which clearly established the fact that the only change made in the petition was the erasure of the description on about seven sections of land from the petitions prepared by the State Highway Engineer, and that these erasures were made before the petitions were circulated among the property owners and before any of the petitions were signed.

The chancery court, upon a hearing, dismissed the complaint for want of equity, and the only point raised

by this appeal is that the changes made by the erasures on the petitions eliminating certain lands, before the circulation of the petitions, were unauthorized and rendered the whole proceeding invalid.

The lengthy section (1) of the statute authorizing those proceedings is copied in the opinion of the court in *Lamberson* v. *Collins*, 123 Ark. 205, and it is unnecessary to set it out again in full. The procedure required by the statute, as interpreted by this court in *Lamberson* v. *Collins, supra,* and in subsequent decisions following that case, is as follows: Upon the application of either the county judge or ten or more owners of land within a proposed road improvement district, the State Highway Commission is required to prepare the preliminary surveys, plans and specifications, and estimates of the road which is proposed to be constructed or improved, and these plans, estimates, etc., are filed with the county court. Then, upon the further application of the county judge or ten owners of property, the State Highway Engineer is required to prepare a form for the petitions for presentation to the owners of the property in the district to sign, praying for the organization of the district, and these petitions must either describe the boundaries of the district so as to indicate what real estate is to be embraced therein, or must make some references which will indicate the boundaries of the district and the lands to be embraced therein. The statute provides that a plat shall be filed showing the boundaries of the district. Upon the filing of the petition with the county court by a majority "in land value, acreage or number of landowners" within the proposed district, the county court causes public notice to be given, and upon a hearing of the petition in accordance with the notice, the district is either created or the petitions rejected, in accordance with the findings of the court on the question of a majority.

We held in *Lamberson* v. *Collins, supra,* that the filing of the plans and estimates prepared by the State

Highway Engineer prior to the circulation of the petitions is jurisdictional and is essential to the validity of an order creating the district. There have been numerous decisions of this court following the case cited above, most of the cases being where there was a direct appeal from the order of the county court. In *Griffin* v. *Boswell,* 124 Ark. 234, we held that the same rule was applicable in a collateral attack upon the validity of the proceedings, and that such an order creating a district is void unless all essential jurisdictional facts appear upon the record. We decided, however, that it is unimportant how the plans and estimates of the State Highway Engineer concerning the proposed improvement get upon the files of the county court, and that the provision of the statute that it should be done upon the application either of the county judge or the property owners is merely directory. *Jones.* v. *Road Imp. Dist. No. 1 of Sevier County,* 126 Ark. 318.

Under the terms of the statute, the boundaries of the district are primarily fixed by the property owners in the petitions which they sign and present to the county court, though power is conferred upon the county court at the hearing of the matter to eliminate from the district any lands found not to be benefited by the improvement. Acts of 1915, sec. 2, p. 1400, Crawford & Moses' Digest, sec. 5401.

The State Highway Department has nothing to do with the fixing of the boundaries of the district except to describe the same in the petitions prepared, and this, of course, is done by indication from the county judge or the promoters of the district so as to have the boundaries properly described in the petitions to be circulated among the property owners.

The essential thing to be done by the State Highway Department is to furnish plans and estimates of cost of the proposed improvement (*Maples* v. *Road Imp. Dist. No. 2,* 137 Ark. 177), and, as we have held in the case cited, this is necessary in order that the property owners

may know the scope and extent and cost of the improvement before they are called on to sign a petition asking for the improvement. In the present instance the State Highway Engineer, upon the request of the county judge, prepared the petitions and described the boundaries and the lands included, presumably in accordance with the directions of the county judge, but after the petitions were received by the county judge it was determined by him and certain landowners who were interested in promoting the improvement that certain sections of land included in the petitions would not be benefited, and the county judge erased those sections from the petitions.

The validity of the proceedings was not affected by the fact that the change was made in the description of the boundaries and the lands embraced in the district at that time, for the preservation intact of the petitions as prepared by the State Highway Commission was in no sense jurisdictional. They were still within the control of those who were promoting the district, and the only essential thing was that the petitions presented to the property owners should in some way indicate the boundaries of the district and the lands to be embraced therein, and that there should be on file the plans and estimates prepared by the State Highway Engineer.

It is alleged in the complaint that these changes in the petitions were not made in a way to indicate clearly what property was eliminated and what was left within the boundaries of the district, but the testimony in the present case is undisputed that the changes were made by erasure, striking out the sections of land to be eliminated, and the chancellor has found from this testimony that the changes were made before the petitions were circulated. We are concluded by that finding of the chancellor, which is based upon the evidence. Besides, the finding of the county court in its order creating the district is, on collateral attack, conclusive, the jurisdiction of the court being dependent only on the filing of the

plans and estimates of the State Highway Engineer and the petitions signed by the owners of the property.

It is conclusively presumed that the county court found, upon proper evidence, that the erasures in the petitions were made before the same were signed and presented to the court.

It is clear, therefore, that appellant has wholly failed in sustaining his contention that the district is invalid by reason of unauthorized changes in the petitions.

The decree is affirmed.