THOMAS *v.* SEWELL.

Opinion delivered October 5, 1931.

*J. M. Carter* and *B. E. Carter*, for appellant.

*Will Steel* and *James D. Head*, for appellee.

HUMPHREYS, J.   This is an appeal from a decree of the chancery court of Miller County dismissing the complaint of appellant, a taxpayer of said county, for an injunction to restrain appellees from issuing and selling bonds in the sum of $150,000, bearing interest and maturing serially on October first of each year from 1931 to 1951, to construct a new county jail, said bonds to be paid by special levy of one and two-tenths mills per annum during said period on each dollar of all taxable property in said county according to the assessed value thereof, the estimated amount to liquidate the bonds being a total of $237,200.

The authority to issue and sell the bonds was attacked on several grounds, one of which was that the order of the county court, signed on October 3, 1930, approving the plans and specifications for the proposed new county jail and ordering and directing the question of the construction of same to be submitted to the qualified voters at the general election of November 4, 1930, was not entered on the judgment record of the county court prior to said election. This ground of the attack was based upon the language of § 3 of Amendment No. 17 to the Constitution of the State, providing that court houses and jails may be constructed in counties when a

majority of the electors voting on the question so authorize, which is as follows:

"Section 3. Any and all such plans, specifications and estimates may, when considered, be rejected by the county court and new ones or alterations of the original ones ordered to be made, and when such preliminary set of such plans and specifications and estimates is filed and shall meet the approval of the county court, an order approving the same shall be entered of record, and the court shall order and direct the question of the construction of such building or extensions to be submitted to the qualified electors of such county at the next general election held thereafter; provided, however, that if no general election for county and State officers will, under the law, be held within one year of the making of said order, then the county court may by order entered of record call a special election * * *."

The facts responsive to this ground of attack are undisputed. On October third, the county judge signed a precedent for an order approving the plans, specifications and estimated costs for a new jail which had been prepared and filed by the architects, made notation thereof on its docket and directed the clerk to enter the order on the judgment record. The precedent for the order had been prepared in triplicate, and one copy was certified by the clerk and handed by the judge to the election commissioners of the county. The clerk left a blank space on the judgment record properly numbered for entry of the order, and left the precedent for same in the book at the proper page to be entered later. It was lost out of the book, and was not entered on the record until February, 1931, and was entered then by *nunc pro tunc* order of the county court. This was about three months after the election at which the question was presented and approved by a majority vote of the electors.

A majority of the court, in which the writer and Mr. Justice McHANEY do not concur, are of opinion that the provision in the amendment to the Constitution requiring the approving order of the plans, specifications,

and estimated cost of the county jail to be entered of record is a mandatory prerequisite to the construction thereof. It is their opinion that the only purpose for the requirement was to provide authentic information for the voters concerning the kind, character and cost of the jail to be erected, in order that they might intelligently cast their vote in favor of or against the construction thereof. This being the purpose, it follows that the requirement is mandatory and not merely directory, else the voter could derive no benefit whatever from it. The failure to enter the order on the record a reasonable time before the election was a jurisdictional defect which avoided the authority conferred at the election to construct a new jail and to issue and sell bonds to pay for the construction thereof by special levy. The building thereof is inhibited by the rule of construction announced and applied in the cases of *Gregory* v. *Bartlett,* 55 Ark. 30, 17 S. W. 344; *McAdams* v. *Henley,* 169 Ark. 97, 273 S. W. 355; *Venable* v. *Plummerville,* 130 Ark. 477, 198 S. W. 106; and *Morris* v. *Levy Lbr. Co.,* 103 Ark. 579, 148 S. W. 252.

On account of the error indicated, the decree is reversed and the cause is remanded with directions to the chancery court to enjoin appellees from taking any steps toward the construction of a new county jail.