Phillips *v.* Mathews, County Judge.

4-6585                                                    155 S. W. 2d 716

Opinion delivered November 17, 1941.

*Ed F. McDonald* and *Miles & Amsler,* for appellant.

*Curtis R. DuVall, Jim C. Cole* and *Sid J. Reid,* for appellee.

McHaney, J.   On July 7, 1941, persons purporting to be 35 per cent. or more of the qualified electors of Grant county, Arkansas, filed with the county court of said county their petitions for a local option election on the sale of liquor in said county.   On the same day, said petitions were presented to the county court and an order was made and entered finding that the petitions contained the requisite number of signers who were qualified voters of said county and calling an election to be thereafter held on September 9, 1941, ''for the purpose

of taking the sense of the legal voters of such county . . . upon the proposition whether or not spiritous, vinous or malt liquors, shall be sold, bartered or loaned in said county.''

On July 22, 1941, petitioner, who operates a licensed liquor store near Sheridan in said county, filed his petition in the county court asking it to set aside said order and to give him an opportunity to be heard. His petition was denied and he thereupon appealed from both orders, that of July 7, calling said election, and the order refusing to set same aside and grant him an opportunity to be heard, to the circuit court. Both appeals were unavailing in said circuit court. He also applied to the latter court for a writ of prohibition and a petition for certiorari to the county court, both of which were denied. The matter is now before us by petition for a writ of certiorari to bring up the record and to have this court direct the circuit court to quash the alleged void order of the county court, calling said election and to declare the election void, which was held on the date called, at which a large majority voted against the sale of liquor in said county.

Section 14147 of Pope's Digest which is § 1 of art. 7 of act 108 of 1935, provides: ''Upon application, by written petition, signed by a number of legal voters in any county . . . equal to thirty-five (35%) per cent. of the qualified voters, it shall be the duty of the judge of the county court in such county at the next regular term thereof, after receiving said petitions, to make an order on his order book directing an election to be held in such county . . . on some day named in said petition no earlier than sixty (60) days after said application is lodged with the judge of said court. . . .''

The record before us discloses, and it is undisputed, that, instead of waiting until ''the next regular term,'' the court made the order above recited at the same term and on the same day of the term at which it was filed and presented. It is, of course, elementary that the county court had no jurisdiction to make the order it did on the day it was made. The jurisdiction of said court in the premises was wholly dependent upon the statute

above mentioned and the statute specifically provided that the election order should be made at the next regular term after receiving said petitions. The purpose of the statute was, no doubt, to give interested persons or persons engaged in the business to be affected by said election an opportunity to examine the petitions and to make such contest of their validity or the validity and genuineness of the signatures thereto, as well as the requisite number of such signers, as they might see proper to make. Whatever the purpose of the Legislature was, such is the plain language it employed and the county court was without jurisdiction except when acting within the power conferred, which must be shown on the face of the order or judgment it renders. We so held in *Morris* v. *Dooley,* 59 Ark. 483, 28 S. W. 30, 430, an adoption case. See, also, *Hindman* v. *O'Connor,* 54 Ark. 627, 16 S. W. ,1052, 13 L. R. A. 490; *Lamberson* v. *Collins,* 123 Ark. 205, 185 S. W. 268; *Griffin* v. *Boswell,* 124 Ark. 234, 187 S. W. 165; *Thomas* v. *Sewell,* 184 Ark. 289, 42 S. W. 2d 225. The order calling the election being void, the election based upon it is void. It was so held in the case last cited.

Counsel for respondents do not contend that the order of the county court is valid, but only that this court is without jurisdiction in the premises because the petitioner is not a proper party to bring certiorari in this court. We cannot agree. On the contrary it appears that the petitioner sought in every way the ingenuity of counsel could devise to have the circuit court review and declare void the order of the county court, but without success. Whether he was formally made a party is unimportant. When he appeared in the county court and asked that the election order be set aside because the court had no jurisdiction to make it on July 7, he became a party to all intents and purposes, and was vitally interested in it. Petitioner had a right to be heard in the courts and this right should not be denied him by mere technicalities of procedure.

A question not presented by the briefs of counsel suggests itself to us, and that is, whether the petitions now on file may be the basis for another order of the

county court calling a new election on the liquor question, or whether new petitions will have to be circulated, because the court's order was void at the time it was made.

The statute above quoted provides that the court shall make an order directing an election to be held in such county "on some day named in said petition no earlier than sixty (60) days," etc. The petitioners named September 9 in their petition. Can they now change it and ask the court to call a new election not less than sixty days hence? We think they can. The petitions were filed at the July term of court. The "next" term has not expired and the order, if the court is convinced of the requisite number of legal petitioners, may still be made calling an election. But the petitioner here should be accorded the right to question the validity of the petitions filed, if he is so advised.

For the error indicated the judgment of the circuit court is reversed and the cause remanded with directions to quash the void order of the county court of July 7, 1941, and to annul, quash and hold void the election and the result thereof based on said void order, and to certify his action to the county court for further proceedings according to law and in accordance with this opinion. Costs will be adjudged against the respondents.