JORDAN v. MUSE.

Opinion delivered January 4, 1909.

1. LIMITATION OF ACTIONS—FOREIGN JUDGMENT.—Kirby's Digest, § 5073, providing that "actions on all judgments and decrees shall be commenced within ten years after the cause of action shall accrue, and not afterwards." applies to foreign as well as domestic judgments (Page 588.)

2. PARTIES—WAIVER OF DEFECT.—A defect of parties defendant in a complaint was waived by defendant failing to plead it specifically in the trial court, either by demurrer or answer. (Page 589.)

3.  FOREIGN JUDGMENT—CONCLUSIVENESS.—A judgment of a court of another State is conclusive as to the merits of the original cause of action.  (Page 589.)

4.  APPEAL AND ERROR—CONCLUSIVENESS OF COURT'S FINDING.—A law court's finding of facts, based on conflicting evidence, will not be disturbed on appeal.  (Page 590.)

Appeal from Garland Circuit Court; *W. H. Evans,* Judge; affirmed.

. *E. W. Rector,* for appellant.

The limitation act as to foreign judgments and decrees is five years.  23 Cyc. 1564; Wood on Limitations, § 30 n. 3; 10 Ark. 597; 5 *Id.* 510.  The plaintiff can not recover of the defendant alone.  The plaintiff in an action on a judgment must recover against all of the defendants or none.  Freeman on Judgments, § 439.

*A. J. Murphy,* for appellee.

The judgment of the Tennessee court may be enforced in this State.  11 Ark. 157; 12 *Id.* 756; 13 *Id.* 33; *Id.* 431; 14 *Id.* 360; 22 *Id.* 453; *Id.* 389; 35 *Id.* 331; 48 *Id.* 50; 52 *Id.* 160.  The action was brought in time, it having been brought within ten years.  Kirby's Digest, § 5073; 47 Ark. 420; 54 *Id.* 311.  If the statute applies to judgments generally, it includes both foreign and domestic judgments.  23 Cyc. 1509.  The action was brought in time here, even though it was barred by the law of Tennessee. 13 Ark. 262; 7 *Id.* 475; 6 *Id.* 484; *Id.* 513; 15 *Id.* 252; 21 *Id.* 95; 24 *Id.* 371; 10 *Id.* 147; *Id.* 512; Black on Judgments, § 892.

McCULLOCH, J.  This is an action instituted in the Garland Circuit Court by appellee against appellant upon a decree of a chancery court in the State of Tennessee rendered in favor of the former and against the latter and certain other parties for the recovery of the sum of two thousand, three hundred and twenty-one and 84-100 dollars.  Appellant recovered judgment below for the full amount of the Tennessee decree.

The decree of the Tennessee court was rendered in the year 1899, and the present action was commenced in 1907, more than five, but less than ten years later.

A section of statute of limitations provides that "actions on all judgments and decrees shall be commenced within ten years

after the cause of action shall accrue, and not afterwards." Kirby's Digest, § 5073. Does this apply to foreign as well as domestic judgments?

Prior to 1844 there was no statute of limitations applicable in express terms to actions on judgments and decrees, and this court decided that the general statute making five years the period of limitation as to all actions not otherwise provided for was applicable to actions on foreign judgments. In that year the Legislature enacted the statute quoted above as to "actions on all judgments and decrees."

This court in *Hallum* v. *Dickinson,* 47 Ark. 120, and *Hallum* v. *Dickinson,* 54 Ark. 311, held that the ten-year statute of limitation was applicable to actions on foreign judgments. It is true, as contended by counsel here, that the point was not argued as to which statute was applicable, and the court did not discuss the distinction, but the judgment sued on was more than five years old when the action thereon was commenced here, the statute of limitations was pleaded as a defense, and the court held that the action was not barred. We think that is the correct construction of the statute. It is general in its terms, and by its express terms relates to "actions on *all* judgments and decrees." 23 Cyc. 1509.

We can not presume that the Legislature used these comprehensive terms merely for the purpose of including all kinds of domestic judgments. *Brearley* v. *Norris,* 23 Ark. 169; *Hicks* v. *Brown,* 38 Ark. 469.

It is further contended that the judgment was a joint one against appellant and one Nelson, and that he could not be sued on it without joining Nelson. If this be conceded, the defect of parties was waived by failure to specifically plead it below—by demurrer or answer.

Another objection raised is that appellant's alleged liability to appellee is based upon the latter's violation of his public duty as commissioner of Henderson County, Tennessee, for the purpose of building a court house. The original cause of action was merged in the decree of the Tennessee court, and we are commanded by the Constitution of the United States to give full faith and credit to judicial proceedings of every other State. The decree of the Tennessee court is therefore conclusive as to the merit of the original cause of action. *Peel* v. *January,* 35 Ark.

331; *Mills* v. *Duryee,* 7 Cranch, 480; *McElmoyle* v. *Cohen,* 13 Pet. 312; *Christmas* v. *Russell,* 5 Wall. 290.

Appellant's motion to quash the service of summons on the alleged ground that he was mentally deranged at the time of the service was heard by the court on conflicting evidence and over-ruled. The finding of the court is conclusive, as there was suffi-cient evidence to sustain it.

Judgment affirmed.