[Crim. No. 310.   Third Appellate District.—September 28, 1915.]

THE PEOPLE, Respondent, v. HARRY T. COLE, Appellant.

Criminal Law—Depositing Explosives in Building—Sufficiency of Information.—An information under section 601 of the Penal Code charging that the defendant at a certain time and place did "willfully, unlawfully and maliciously put, place and deposit giant powder in that certain building known as Harry T. Cole's cabin or dwelling-house, near Weitchpec, county of Humboldt, state of California, with the intent to injure, intimidate and terrify human beings," is sufficient without alleging that the building was a place "where human beings usually inhabit, assemble, pass or repass."

ID.—CONSTRUCTION OF SECTION 601, PENAL CODE.—Under section 601 of the Penal Code a crime may be committed in the use of dynamite at places where human beings do not inhabit, assemble, pass, or repass, and this section contemplates and provides for such cases.

ID. — STATUTORY CONSTRUCTION — OBJECT OF STATUTE. —In construing statutes, the object to be accomplished by the act is to be ascertained and its provisions considered and so construed, if possible, that all its parts may have the effect and operate harmoniously to effectuate that object.

ID.—OBJECT OF SECTION 601, PENAL CODE.—The "object" intended to be accomplished by the legislature in the passage of section 601 of the Penal Code was to deter people from the unlawful use of dynamite in injuring and destroying property and also in injuring or intimidating human beings.

ID.—PROTECTION OF PROPERTY AND HUMAN BEINGS.—Section 601 of the Penal Code was passed to protect property as well as human life, and the words therein "where human beings shall inhabit," etc., were not intended to qualify the words "building, vessel, church," etc., but only to qualify the words "or other place."

ID.—INTENT TO DESTROY BUILDING.—Maliciously placing dynamite in a building with intent to injure or destroy it, without any intent to injure or intimidate a human being, is made a crime by said section.

ID.—SUFFICIENCY OF INFORMATION—FAILURE TO ALLEGE INTENT TO INJURE PARTICULAR PERSON.—In such a case the failure of the information to charge an intent on the part of the defendant to injure any particular human being does not render it defective.

APPEAL from a judgment of the Superior Court of Humboldt County and from an order denying a new trial. George D. Murray, Judge.

The facts are stated in the opinion of the court.

Irwin T. Quinn, D. A. Mace, L. F. Puter, for Appellant.

U. S. Webb, Attorney-General, and J. Charles Jones, Deputy Attorney-General, for Respondent.

ELLISON, J., *pro tem.*—The defendant was convicted of placing dynamite in a certain building with intent to injure, intimidate, and terrify human beings. He brings this appeal from the judgment and from an order denying his motion for a new trial. He contends that the information does not state a public offense and that the court erred in overruling his demurrer thereto.

The charging part of the information reads as follows: "The said Harry T. Cole, on the 10th day of June, A. D. nineteen hundred and fourteen, at and in the county of Humboldt and state of California, did then and there willfully, unlawfully and maliciously put, place and deposit giant powder in that certain building known as Harry T. Cole's cabin or dwelling-house near Weitchpec, county of Humboldt, state of California, with the intent to injure, intimidate and terrify human beings."

The offense charged against the defendant is defined in section 601 of the Penal Code as follows:

"Any person who maliciously deposits or explodes, or who attempts to explode, at, in, under, or near any building, vessel, boat, railroad, tram-road or cable-road, or any train, or car, or any depot, stable, car-house, theater, schoolhouse, church, dwelling-house, or other place where human beings usually inhabit, assemble, frequent, or pass and repass, any dynamite, nitroglycerine, vigorite, giant or hercules powder, gunpowder, or other chemical compound or explosive, with the intent to injure or destroy such building, vessel, boat, or other structure, or with the intent to injure, intimidate, or terrify any human being, or by means of which any human being is injured or endangered, is guilty of a felony, and punishable by imprisonment in the state prison not less than one year."

Defendant makes the claim that the information is fatally defective in that: 1. It fails to state that the cabin or dwelling-house was "a place where human beings usually inhabit, assemble, pass or repass"; and, 2. It does not state the names of the "human beings against whom the defendant directed his intent to injure, intimidate or terrify."

The position is taken that section 601 of the Penal Code, after mentioning "building, vessels, railroads," etc., immediately follows with the words "or other place where human beings usually inhabit, assemble, pass or repass," and that these last quoted words qualify the nouns preceding them, viz.: "building, vessel, railroad . . . theater, church, dwelling-house," etc., and that the information, to state a public offense, should have alleged that the building known as "Harry T. Cole's cabin or dwelling-house" "was a place where human beings usually inhabit, assemble, frequent, pass or repass."

Counsel says: "It must have been clearly the intent of the legislature that the qualifying clause, 'where human beings usually inhabit, assemble, frequent, pass or repass' was to attach to each of the preceding nouns. Surely no crime could be committed by a person in placing dynamite or other explosives in a place where no human being ever inhabited, assembled, frequented or passed or repassed."

An examination of the statute will show clearly that a crime may be committed in the use of dynamite at places where human beings do not inhabit, assemble, pass or repass and that the section contemplates and provides for such cases.

"In construing statutes, the object to be accomplished by the act is to be ascertained and its provisions considered and so construed, if possible, that all its parts may have effect and operate harmoniously to effectuate that object." (*Appeal of North Beach etc. Co.*, 32 Cal. 516.) The "object" intended to be accomplished by the legislature in the passage of section 601 was to deter people from the unlawful use of dynamite in injuring and destroying property and also in injuring or intimidating human beings. Counsel's position overlooks the fact that this section was passed to protect property as well as human life. That the words "where human beings usually inhabit," etc., were not intended to qualify the words "building, vessel, church," etc., but only to qualify the words "or other place" seems clear from a reading of the section. It makes it a crime maliciously to put in a "building, vessel," etc., dynamite for either of two distinct purposes or with either of two intents: 1st, "with intent to injure or destroy such building, vessel, boat or other structure," or, 2d, "with intent to injure or intimidate any human being."

That maliciously placing dynamite in a building with intent to injure or destroy it, without any intent to injure or intimidate a human being, is made a crime by the section clearly appears. If the words, "where human beings usually inhabit," etc., qualify the words "building," etc., then they qualify them at all times and under all circumstances. They cannot be held to qualify the preceding words when the intent charged in an information is the intent "to injure, intimidate or terrify any human being," and not qualify them when the intent charged in an information is the intent to injure or destroy a building. And so, if counsel's contention is sound, then in an information charging that one placed

dynamite in a building of any kind, with intent to destroy it, it would be necessary to allege that the building was one "where human beings usually inhabit, assemble, frequent, pass or repass." This makes the safety of human beings a controlling factor in every prosecution under the section and entirely ignores what is apparent, from a reading of the section, that the object of its passage was as much the protection of *property* against the criminal acts of the dynamiter as the protection of human life and safety. The section intended to make and does make it a crime to dynamite an unoccupied building equally with the dynamiting of one occupied or located where people pass and repass. The object of the legislature in placing in the section the words "or other place," etc., is apparent. Having specified certain buildings and structures, fourteen in all, wherein or near to which it was declared to be unlawful maliciously to place dynamite with intent to injure either the building or some human being, it occurred to them that dynamite might with unlawful intent be put in places that had not been mentioned specifically in the statute and thus the user of the dynamite go unpunished. Familiar illustrations would occur in public parks, trails, public highways, etc., none of which is mentioned by name in the section. To meet such contingencies the words "or other place," etc., were inserted. Subsequent events demonstrated the wisdom and foresight of the legislature in this regard.

In *People* v. *Burke,* 18 Cal. App. 72, [122 Pac. 435], cited by counsel for appellant, the defendant was charged with placing dynamite in a tenthouse with intent to kill a human being. "Tenthouse" is not mentioned in section 601, and if the words "where human beings usually inhabit," etc., had not been in the section and had not been inserted in the indictment it probably would not have stated a public offense under section 601. Our conclusion is that the words "where human beings usually inhabit," etc., qualify only the words "or other place."

2. The information does not charge an intent to injure any particular human being, and for this reason it is claimed to be defective. Here, again, in construing the statute, we search for the object of the legislature in passing it, and give it such construction as will effectuate that object, if such construction is consistent with its terms. One object, evidently, was to

deter people from destroying railroads, vessels, schoolhouses, churches, etc., where large numbers of people congregated. This purpose and object of the legislature will be thwarted by a construction which declares that in all such cases no conviction can be had unless it can be alleged and proved that the dynamiter, in destroying a crowded building (for instance, a theater) intended to injure some particular individual named in the indictment or information. Such a construction would not effectuate the object of the legislature and is not to be accepted.

The judgment and order are affirmed.

Chipman, P. J., and Hart, J., concurred.