GORHAM v. HALL.

Opinion delivered January 31, 1927.

1. ABATEMENT AND REVIVAL—INTERVENTION.—One who becomes party to a suit to cancel a note and mortgage, alleging by way of intervention that he purchased same for value and without notice of defects and asking foreclosure, is in effect a plaintiff, and, upon his death, the cause should be revived against his personal representative, as provided in Crawford & Moses' Dig., § 1066.

2. PARTIES—INTERVENTION DEFINED.—Intervention is a proceeding in a suit or action by which a third person is permitted by the court to make himself a party for the protection of some right or interest alleged by him to be affected by such proceeding.

3. ABATEMENT AND REVIVAL—INTERVENER AS PLAINTIFF.—One who, by leave of court, files a complaint or pleading asking for affirmative relief independent from that of the plaintiff or defendant in the original action, or against either or both, is an intervener, and should be classed as a plaintiff rather than a defendant as affecting revival of the action, under Crawford & Moses' Dig., § 1066.

Appeal from Newton Chancery Court; *Sam Williams,* Chancellor; affirmed.

*Powell, Smead & Knox* and *C. E. Wright,* for appellant.

*Goodwin & Goodwin,* for appellee.

WOOD, J. This action was instituted by the plaintiff against J. W. Hall to cancel a note and a mortgage given to secure the same, on the ground of fraud alleged to have been perpetrated by the defendant in procuring the note and mortgage by false representations. The defendant denied specifically the allegations of fraud, and set up that he had sold and transferred the note and mortgage to A. Henson. A. Henson filed an intervention in the cause, in which he alleged that he had purchased the note and mortgage from the defendant in the action for a valuable consideration without notice of any defects therein. He set out in his intervention the note and mortgage, alleged that the note had not been paid, that the conditions of the mortgage had been broken, and prayed that, upon final hearing, he have judgment for the

amount of the note and that the mortgage be foreclosed to satisfy the same. The plaintiffs answered the intervention of A. Henson, in which answer they admitted the execution of the note and mortgage, but denied that the same had been transferred to the intervenor, A. Henson, for a valuable consideration, and alleged that Henson was not an innocent purchaser of the note and mortgage, and that the assignment to him was made in full knowledge of plaintiffs' rights and in collusion with Hall, with the fraudulent intent to defeat the plaintiffs' action. The plaintiffs prayed that the intervention be dismissed and that they have the relief prayed for in their original complaint.

A. Henson, the intervener, died, and E. W. Henson, administrator of the estate of A. Henson, appeared in court and suggested the death of A. Henson, and moved that the cause be revived and proceed in the name of E. W. Henson as administrator. The court's decree recites that the cause came on to be heard upon its regular call and that, upon the death of A. Henson, the cause was revived in the name of E. W. Henson, his administrator; that the plaintiffs failed to appear, and that the cause was thereupon heard upon the complaint, the answer, and the intervention of A. Henson after revival of the cause in the name of his administrator, and upon the exhibits. A decree was rendered in favor of the administrator of Henson, deceased, against the plaintiffs for the amount of the note, and directing that the mortgage be foreclosed to satisfy the same. From that decree is this appeal.

The only question raised by this appeal is whether or not the court erred in reviving the cause, under the facts stated, in the name of the administrator of the estate of A. Henson, deceased, and in entering a decree in his favor against the appellants.

Section 1066 of Crawford & Moses' Digest provides: "An order to revive an action in the names of the representatives or successor of a plaintiff may be made forthwith," etc. Learned counsel for the appellants con-

tend that this section has no application, because, as they assert, A. Henson, the intervener, should be classed as a defendant in the action rather than a plaintiff, and that the action should have been revived under other sections of the statue, which were not complied with. We do not concur in this view. While A. Henson, in his complaint, designates himself as the "interpleader," his complaint is not technically an interplea and his action an action of interpleader. See 33 C. J. 418 *et seq.* But, while he calls himself the interpleader, he properly designates his pleading as a plea of intervention. "Intervention," in practice, "is a proceeding in a suit or action by which a third person is permitted by the court to make himself a party. In practice an intervention is the admission by leave of court of a person, not an original party to the pending legal proceedings, by which such person becomes a party thereto for the protection of some right or interest alleged by him to be affected by such proceeding. Literally, an intervention means the act or fact of intervening; any interference that may affect the interest of others—interposition. Webster's International Dict.; 33 C. J. 476. See also 20 R. C. L. 682, where "interpleader" and "intervention" are defined and the distinction drawn between them.

Under the above definitions, A. Henson must be classed as an intervener. We have no statutory definition of "intervention" or "interpleader," but the above definitions indicate that one who, by leave of court, files his complaint or pleading asking for affirmative and independent relief from that of the plaintiff or defendant in the original action, or against either or both of them, is an intervener and should be classed as a plaintiff, rather than a defendant. The complaint of A. Henson shows a plea of intervention in which he sets up that he is an innocent holder for value of the note and mortgage, and asks that the same be foreclosed. He thus, in effect, asks affirmative relief against both the original plaintiffs and the defendant in the action. While he occupied the same adverse position to the plaintiffs as the defendant in the

original action, his alleged purchase for value without notice gave him rights independent and adverse to both the plaintiffs and defendant in the original action, and gave him the right, as intervener and plaintiff, to affirmative relief against both of them, which he sought and obtained in the decree from which this appeal is prosecuted. The position of A. Henson in this case is analogous to that of an intervener in an attachment suit.

In *Jones* v. *Seymour*, 95 Ark. 593-595, 130 S. W. 560, we said: "In the trial of an intervention in an attachment suit, the intervener becomes in effect the plaintiff." So here A. Henson, the intervener, becomes in effect a plaintiff in the action, and the court therefore, upon the suggestion of his death by his administrator, did not err in reviving the action forthwith in the name of his administrator, under § 1066, C. & M. Digest, *supra*.

The decree is in all respects correct, and it is therefore affirmed.