HOME ICE COMPANY *v.* UNION TRUST COMPANY.

4—2582

Opinion delivered June 13, 1932.

*G. E. Garner,* for appellant.

*Rose, Hemingway, Cantrell & Loughborough,* for appellee.

McHANEY, J. In May, 1931, the Arkansas Cold Storage Company, being largely indebted to the Union Trust Company, executed and delivered to it an instrument in writing called an "assignment" of "all of its book accounts and bills receivable due it from customers, and also all such accounts and bills receivable that may accrue or become due hereafter, until said indebtedness hereby secured is paid in full, the said book accounts and bills receivable being set out in a certain list hereto attached, made a part of this agreement and marked Exhibit No. 1."

Included in said book accounts so assigned was an account against appellant in the sum of $785.33. This account remaining unpaid, and the Arkansas Cold Storage Company having been found to be insolvent, the Union Trust Company, as assignee, brought this suit against appellant, to recover the amount due on said account. The case was tried before the court sitting as a jury, and resulted in a finding and judgment against appellant in the sum sued for.

For a reversal of the judgment, it is first argued that the appellee had no right to maintain this action for the reason that an open account is not assignable, so as to authorize the assignee to maintain an action in his own name. In other words, it is contended that the Arkansas Cold Storage Company should have been a party plaintiff in order to maintain the suit. This was a defect, if a defect at all, that should have been raised by demurrer or answer. Crawford & Moses' Digest, § 1189, and § 1192. So it was decided in *Jordan* v. *Muse,* 88 Ark. 587, 115 S. W. 162, that: "A defect of parties defendant in a complaint was waived by defendant failing to plead it specifically in the trial court, either by demurrer or answer." This case and a number of others were cited in *Tomlin-*

*son Chair Mfg. Co.* v. *Joppa Mattress Co.*, 122 Ark. 569, 184 S. W. 32, where the court held that the appellant waived the provision of the statutes above mentioned by failing to raise the objection of the defect of parties. So in this case appellant failed to raise the question, either by demurrer or answer, and must be held to have waived same.

It is next argued that there was no contractual relation or agreement of purchase and sale between Arkansas Cold Storage Company and appellant. The facts are these: Mr. Rose, acting for the Arkansas Cold Storage Company, in which S. R. Morgan was also interested, sold to the Home Ice Company, through S. R. Morgan, a large quantity of ice at $1.50 per ton. The Home Ice Company was a distributing company, handling the product of three companies in North Little Rock, one of which was Morgan's. Morgan represented to Rose that he was the owner of a two-thirds interest in the Home Ice Company. At any rate, he bought the ice from Rose, caused the Home Ice Company trucks to call at the plant of the Arkansas Cold Storage Company for the ice, and its employees received and receipted for the ice in the name of the Home Ice Company. Tickets were made out to the Home Ice Company and bills rendered to it for same without any objection from the officers of the Home Ice Company. Finally, the Morgan Utilities Company went into bankruptcy, and, at the suggestion of Morgan, Rose filed a claim for his company with the trustee in bankruptcy of the Morgan Utilities Company. Rose did not know the Morgan Utilities Company in the sale, but was willing to receive payment from any source. Of course, there could be only one satisfaction, and the claim was filed for the protection of the appellant, as it had paid Morgan Utilities Company for the ice at a price of $3 per ton. By filing the claim in bankruptcy, neither the cold storage company nor its assignee was precluded from pursuing the party primarily liable. We think the facts already related constitute substantial evidence sufficient to support the findings of the court sitting as a

jury, that the Home Ice Company was the purchaser of the ice, and that it was sold to it by the cold storage company.

Affirmed.