74 P.2d 723

**STATE v. ORNELAS.**

No. 4296.

Supreme Court of New Mexico.

Nov. 5, 1937.

Rehearing Denied Jan. 12, 1938.

Nathaniel Lloyd, of Las Vegas, for appellant.

Frank H. Patton, Atty. Gen., and Richard E. Manson, Asst. Atty. Gen., for the State.

BICKLEY, Justice.

Appellant was charged with unlawfully, feloniously, and maliciously exploding a charge of dynamite at or near a water tank used to supply the town of Terrero and the mining operations therein, with intent to injure or destroy said water tank, whereby said water tank was in fact destroyed, and with intent to injure, intimidate, and terrify human beings within the said town of Terrero, contrary to the form of section 35-2516, N.M.S.A.1929, which is a part of chapter 115, Laws of 1923. He was tried and convicted and judgment pronounced upon him, from which he appeals.

Appellant's first point is: "That the judgment of the court is erroneous for the reason that the statute under which defendant was convicted is in violation of section 16, art. 4, of the Constitution of New Mexico, in that the act creating the offense charged is an act 'embracing more than one subject.'"

We may not refuse effect to a statute unless it is clearly and beyond a reasonable doubt unconstitutional. The act in question is as follows:

"An act making it a felony to transport or place a bomb, dynamite, or other high explosive in or upon any public service passenger coach or passenger train, or to maliciously use or handle dynamite or other explosive.

"Be It Enacted by the Legislature of the State of New Mexico:

"Section 1. Any person who knowingly transports or takes into or upon any public service passenger car or passenger coach in the State of New Mexico, any bomb, dynamite, nitroglycerine, vigorite, Giant or Hercules powder, gunpowder or other chemical compound or explosive, shall be guilty of a felony, and upon conviction thereof shall be punished by imprisonment for a term of not less than three years nor more than five years.

"Sec. 2. Any person who maliciously uses, puts, places, deposits, explodes or attempts to explode, at, in, under or near, or maliciously takes into or near any building, railroad, or any train or car, or any depot, stable, carhouse, theater, school, church, dwelling house, or other place where human beings usually frequent, inhabit, assemble or pass, any bomb, dynamite, nitro-glycerine, vigorite, Giant or Hercules powder, gunpowder or other chemicals, chemical compound or explosive, with intent to injure or destroy such building, train, car or other structure, or with the intent to injure, intimidate, or

terrify any human being, or by means of which any human being is injured or endangered, or by means of which any property is injured or destroyed, is guilty of felony, and punishable by imprisonment for a term not less than three years nor more than thirty years." Chapter 115, Laws 1923.

The act is directed against the unlawful handling of explosives. The first section inveighs against certain methods of transportation of explosives. The second section makes it a public offense to handle such explosives maliciously in, at, or near "any building, railroad, or any train or car, or any depot, stable, carhouse, theater, school, church, dwelling house, or other place where human beings usually frequent, inhabit, assemble or pass."

The constitutional provision said to be invaded by this act is contained in section 16, art. 4, and is as follows: "And no bill embracing more than one subject shall be passed except general appropriation bills and bills for the codification or revision of the laws."

It is apparent that the object of this legislation is to restrain the dangerous handling of explosives, whether by transportation thereof or otherwise.

Violation of the inhibitions is visited with punishment graded according to whether the explosives are handled by the offender with or without malice. We see no duplicity of subjects. If it be conceded that in a narrow sense the transportation of explosives is one subject and depositing the same near the structures enumerated, with the intent that it may destroy property or terrify people, is another, yet they are not dissimilar and discordant subjects, but on the other hand they relate to and are germane to each other and to the main subject of the act, namely, the control of the handling of explosives. See State v. Ingalls, 18 N.M. 211, 135 P. 1177; State v. Miller, 33 N.M. 200, 263 P. 510; State ex rel. Taylor v. Mirabal, 33 N.M. 553, 273 P. 928.

Appellant's attack upon the statute upon constitutional grounds is without merit.

 Appellant also seeks reversal of the judgment upon the ground that: "It is an essential element of the offense under the Statute that the offense be committed at such place as is specified in the statute, to-wit: 'at, in, under or near a building, railroad, or any train or car, or any depot, stable, carhouse, theater, school, church, dwelling house or other place where human beings usually frequent, inhabit, assemble or pass', and the failure of the information to charge, and the State to prove, and the Court to instruct the jury, as to this essential element of the offense, requires reversal of the conviction."

Appellant's counsel forcefully presents his contention that the explosion for which Ornelas is responsible did not occur at or near any of the structures enumerated in the statute. The word "building" is a very comprehensive term. It has been held to cover many types of structures.

It will be observed that, when dealing with the intent with which explosives are used contrary to the statute, the statute uses the phrase referring to the theretofore enumerated places as "such building, train, car or other structure." "Building" and "structure" are frequently used synonymously. The following definition of building is given in 4 R.C.L. p. 394: "In general the term means a fabric built or constructed; a structure; an edifice." This is the definition employed in Ballantine's Law Dictionary. That a building may be designed either for the habitation of human beings or for the shelter of property is brought out in the definition given in 9 C.J. 683, 684. The following definition is found in City of Concord v. Morgan, 74 N.H. 32, 64 A. 725, 726: "All permanent structures intended to shelter human beings or domestic animals, or to receive, retain, or confine the goods in which a person deals, or to house the tools or machinery he uses or the persons he employs in his business, are commonly called 'buildings.' * * * An ordinance providing that no person shall use any 'engine in any building' in [a fire] precinct without the written consent of the city engineer and the chief of the fire department, includes a structure erected for an engine and consisting of a roof made of boards and roofing paper and supported by rows of posts and fire walls composed of boards and piles of wood."

Century Dictionary thus defines "building": "In law, anything erected by art, and fixed upon or in the soil, composed of different pieces connected together, and designed for permanent use in the position in which it is so fixed, is a building."

Appellant says that, even if a water tank is a building, this is not enough; that the statute means to inhibit the use of explosives only in cases where the explosion or attempted explosion occurred at or near buildings "where human beings usually frequent, inhabit, assemble or pass." We do not understand the phrase last quoted to modify "buildings"; rather, it is a phrase descriptive of places not enumerated. We think that the Legislature meant rather to prohibit the malicious handling of explosives at and in every and all places whatsoever where property may be destroyed, or human beings may be injured or terrified. So far as protection of property is concerned, it is not necessary to import the proximity of people if the property comes fairly within the enumeration in the statute, but human beings are to be protected from injury, intimidation, or terror arising from the malicious use of explosives even though they be in a "place" not specifically enumerated, as for illustration an athletic field, a highway, park, lake, stream, or place used for recreation or otherwise. See In re Mitchell, 1 Cal.App. 396, 82 P. 347; and People v. Cole, 28 Cal.App. 448, 152 P. 945, construing a similar statute, which perhaps was used as a model by our Legislature.

We recognize the rule of statutory construction ejusdem generis, but it is merely a rule of construction, and like all such rules is resorted to merely as an aid to ascertain legislative intent. Grafe v. Delgado, Sheriff, 30 N.M. 150, 228 P. 601. See, also, Lewis' Sutherland Statutory Construction (2d Ed.) § 437. We are not impressed with the argument of appellant that an application of this rule to the statute in question requires a different conclusion than that we have reached.

Finding no error in the record, the judgment is affirmed and the cause remanded, and it is so ordered.

HUDSPETH, C. J., and SADLER, BRICE, and ZINN, JJ., concur.