GLENN H. ALLMAN et al., Plaintiffs and Respondents, v. DOYLE S. POTTS et al., Defendants and Appellants.
A. F. WINEGARDNER, JR., as Administrator of the Estate of Charles A. Lester, Deceased, Plaintiff in Intervention, v. GLENN H. ALLMAN et al., Defendants in Intervention.

No. 10365.
Submitted February 14, 1962. Decided April 10, 1962.
Rehearing denied May 15, 1962.
371 P.2d 11.

William G. Mouat (argued orally) and Fred N. Dugan (argued orally for plaintiff in intervention), Billings, for appellant.

Leo J. Kottas (argued orally), Helena, Doepker & Hennessey, Mark J. Doepker (argued orally), Butte, Seth F. Bohart, Bozeman, Dignan & Gallagher, Glasgow, for respondent.

MR. CHIEF JUSTICE HARRISON delivered the Opinion of the Court.

Appeal from a judgment entered in the District Court of Valley County, Montana.

Briefly the record discloses that on October 23, 1959, an action to quiet title was brought in the District Court by numerous plaintiffs. The plaintiffs, respondents here, sought to quiet title to 185,000 shares of common stock of the Interstate Products Company, a Montana corporation. The named defendants in the action were the corporation and the officers of the corporation, named both individually and as officers. A. F. Winegardner, administrator of the Estate of Charles A. Lester, deceased, intervened, claiming that the stock had been transferred in fraud of creditors, as the transfer had rendered Lester insolvent.

The original defendants answered the complaint of the plaintiffs, and in addition cross-complained against the plaintiffs. The cross-complaint was identical to the complaint of the "plaintiff in intervention".

Subsequently, the Honorable James T. Shea was disqualified by affidavit filed by the defendants and cross-complainants in the action. Judge Shea called in the Honorable John B. McClernan to assume jurisdiction. Judge McClernan was disqualified by affidavit filed by the attorney for the "plaintiff in intervention".

Judge Shea then called in the Honorable Jack R. Loucks on July 24, 1961, to assume jurisdiction and reset the cause for trial on August 14, 1961. On August 2, 1961, the attorney for

the defendants and cross-complainants filed an affidavit against Judge Loucks.

The affidavit of disqualification was not acted upon by Judge Loucks and the cause came on for trial on August 14, 1961, pursuant to the court's order. Neither the defendants nor the "plaintiff in intervention" appeared at the trial, and following receipt of plaintiffs' evidence a judgment was entered. The court in its judgment and decree held that the affidavit of disqualification was ordered stricken because the defendants and interveners were joined in the law suit and were joined in interest as defendants and cross-complainants against the plaintiffs and that such parties in interest had previously disqualified two judges.

The appellants are here contending that the District Court was without jurisdiction because an affidavit of disqualification had been filed against Judge Loucks who presided at the trial. Therefore, the issue before this court is the validity of the third disqualifying affidavit.

R.C.M.1947, § 93-901, specifies the grounds and procedure for disqualification of a district judge. It states in part:

"Any justice, judge, or justice of the peace must not sit or act as such in any action or proceeding: * * *

"4. When either party makes and files an affidavit * * * Such affidavit may be made by any party to an action * * * No more than two judges can be disqualified for bias or prejudice, in said action or proceeding, at the instance of the plaintiff, and no more than two at the instance of the defendant, in said action or proceeding, and this *limitation shall apply however many parties or persons in interest may be plaintiffs or defendants in such action or proceeding.*" Emphasis supplied.

In determining the validity of the third disqualifying affidavit there are various subordinate questions which deserve consideration. It has never been judicially determined in this state whether an intervener has a right to disqualify a judge.

Second, if an intervener has such a right, is he to be considered a plaintiff or a defendant under the statute?

In discussing the status of an intervener, this court in State Bank of New Salem v. Schultze, 63 Mont. 410, 209 P. 599, stated: "While it is true that an intervener must accept the action pending as he finds it at the time of intervention [citing cases], yet thereafter *his rights are as broad as those of the other parties to the action.*" Emphasis supplied. This view was affirmed in State ex rel. Westlake v. District Court, 118 Mont. 414, 167 P.2d 588, 163 A.L.R. 911.

Intervention is defined in 67 C.J.S. Parties § 53, p. 974, as "* * * the admission, by leave of the court, of a person not an original party to pending legal proceedings, by which such person becomes a party thereto for the protection of some right or interest alleged by him to be affected by such proceedings." See also American Bowling Supply Co. v. Al Martin, Inc. (D.C.-Kan.), 96 F.Supp. 35; State ex rel. Tomlinson v. Jeffrey, 231 Ind. 101, 107 N.E.2d 1.

In 2 Bancroft's Code Practice and Remedies, Parties, § 781, p. 1147, it is stated: "An intervenor becomes an actor in the case. After intervention he is as much a party to the action as the original parties, and to make his rights effectual he must, subject to the authority of the court reasonably to control the proceedings in the case, necessarily have the same power as the original parties."

In addition, the former statute on intervention, section 93-2826, R.C.M.1947 (repealed effective January 1, 1962), stated that "An intervention takes place when a third person is permitted to become a *party* to an action or proceeding between other persons * * *." Emphasis supplied.

Therefore the conclusion is inescapable that an intervener is a party to the action and as a result must necessarily have the same power as the original parties.

The issue of whether an intervener had a right of disqualification was before the court in City of San Diego v. Andrews,

195 Cal. 111, 117, 231 P. 726, 728, and although the case arose under different circumstances, the court stated: "Under section 387 of the Code of Civil Procedure, after the intervention had taken place, they became parties to the action, interested with the defendants 'in resisting the claims of the plaintiff,' and as such parties 'they are entitled to avail themselves of all the procedure and remedies to which the defendant would be entitled for the purpose of defeating the action, or resisting the claim of plaintiff.' * * * [The intervenor] when leave to intervene was granted, was therefore in legal effect a party defendant in said action and as such had the right to interpose the objection to the respondent sitting or acting in the case." See also, 1 Bancroft's Code Practice and Remedies, § 582, p. 864.

█ Therefore, the intervener in this action, because he is a party to the action is entitled to avail himself of the provisions of section 93-901, supra, and in a proper situation may file an affidavit of disqualification.

██ The remaining question is with regard to the alignment of the parties after intervention. The position of an intervener, whether it be plaintiff or defendant is not a matter of label or form but rather of substance. Although the intervener's complaint in the instant case is titled "plaintiff in intervention" this court is not bound by such statement. Analysis of the pleadings establishes that the original defendants when they answered the original complaint also cross-complained. Their cross-complaint specified the same relief in the same language as the complaint of the "plaintiff in intervention". In addition, the original defendants and cross-complainants did not answer the complaint in intervention, thus admitting its allegations.

Can it be said that the "plaintiff in intervention" was seeking anything other than the relief sought by the defendants. The pleadings establish that the "plaintiff in intervention" is in reality a party defendant to the original action.

The statute on disqualification, section 93-901, supra, provides: "No more than two judges can be disqualified for bias or prejudice * * * at the instance of the defendant * * * and this limitation shall apply however many parties or persons in interest may be * * * defendants in such action or proceeding." This court has previously held that after a party has disqualified two judges for bias or prejudice there is no right to disqualify more for bias or prejudice. Gibbs v. Fuller, 120 Mont. 516, 188 P.2d 426.

Therefore, as the original defendants disqualified Judge Shea, and the interveners disqualified Judge McClernan, no right existed for the defendants to disqualify Judge Loucks. The original defendants and the intervener had become parties or persons in interest within the meaning of section 93-901, supra, and as a result were entitled only to two disqualifying affidavits for bias or prejudice. The third disqualifying affidavit was invalid and the District Court was correct in ordering it stricken.

The appellants also allege as error the awarding by the lower court of certain costs. R.C.M.1947, § 93-8619, provides in part: "A party dissatisfied with the costs claimed may, within five days after notice of filing of the bill of costs, file and serve a notice of a motion to have the same taxed by the court in which the judgment was rendered, or by the judge thereof at chambers."

It is to be noted that two cost bills were filed herein, one following a hearing on a motion for change of venue, the other following judgment. The latter does not include the costs claimed in the former. As to the first cost bill a motion for taxation was made and the court approved the cost bill. As to the second cost bill the record on appeal fails to show that any motion for taxation was ever advanced by the appellants, and their argument is directed to the costs claimed in this cost bill.

It is generally held that if a party to an action against whom costs have been awarded fails within the five days to

apply to the court to have the costs taxed, he is deemed to have assented to the correctness of the costs as filed. See People v. Cole, 28 Cal.App. 448, 152 P. 945; State ex rel. Ivanhoe v. Hodgin, 76 Or. 480, 146 P. 86, 149 P. 530; Davis Lumber Co. v. Hubbell, 137 Cal.App.2d 148, 290 P.2d 33.

For the foregoing reasons the judgment is affirmed.

MR. JUSTICES DOYLE, ADAIR, CASTLES and JOHN C. HARRISON, concur.