JACK WOOD CONSTRUCTION COMPANY, INC
*v*. Robert FORD, d/b/a FORD
CONSTRUCTION COMPANY & ST. PAUL
FIRE & MARINE INSURANCE COMPANY

74-290                              522 S.W. 2d 408

Opinion delivered May 5, 1975

48

*Richard L. Peel*, for appellant.

*Williams & Gardner*, for appellees.

JOHN A. FOGLEMAN, Justice. This suit was brought on September 11, 1970, by Jack Wood Construction Company against Robert Ford, d/b/a Ford Construction Company, and St. Paul Fire & Marine Insurance Company. Appellant

alleged that $12,012 was due it on a contract with Ford to do certain construction work on a track to be a part of the athletic facilities at Arkansas Polytechnic College. The allegations asserting liability against appellee St. Paul Fire & Marine Insurance Company were based upon the issuance by that company of a statutory payment and performance bond allegedly guaranteeing the payment of obligations of Ford in connection with the construction of athletic facilities. St. Paul promptly filed answer, simply denying that it was indebted to appellant in any sum.

Appellant asserted that there was an oral contract entered into on August 29, 1969, by which it agreed to furnish certain materials and perform certain labor on behalf of Ford in the construction of the track, the date of completion of which was to be dependent upon the weather and "subgrade" conditions. After having filed two motions to require appellant to make his complaint more definite and certain, Robert Ford d/b/a Ford Construction Company filed a general denial and a counterclaim. In the counterclaim Ford alleged that breaches of the contract by appellant had caused him, as general contractor, to be assessed with a penalty of $10,000.

Ford d/b/a Ford Construction Company, moved for, and obtained permission, to make Arkansas Polytechnic College a third party defendant. This motion was filed October 15, 1971, and granted October 25, 1971. The third party complaint was filed by Ford Engineering & Construction Company, a Nebraska corporation. On November 5, 1971, the day this complaint was filed, this corporation and Robert Ford also filed a motion to correct the name of the defendant from Robert Ford d/b/a Ford Construction Company in all pleadings and for dismissal of the complaint as to Robert Ford d/b/a Ford Construction Company. On the 24th day of April, 1972, this motion was denied. On March 21, 1973, the Board of Trustees of Arkansas Polytechnic College filed a demurrer challenging the third party complaint against it, alleging that it had never been served with an order permitting the intervention of Ford Engineering and Construction Company. In this pleading, the Ford corporation was characterized as an interloper. In response to this demurrer,

the Ford corporation pleaded that it was the real and actual party in interest instead of Robert Ford d/b/a Ford Construction Company. Following a further extensive battle of pleadings by the parties, the case was set for trial in June, 1974. After testimony on behalf of Ford Engineering & Construction Company had been completed, the court granted the college board's motion to dismiss the third party complaint against the college board "upon constitutional grounds." After testimony on behalf of defendants Robert Ford d/b/a Ford Construction Company and St. Paul Fire and Marine Insurance Company, they moved for dismissal on the basis that they were not proper parties. At that time, Robert Ford had testified that he was president of Ford Engineering and Construction Company and that this was a family held corporation. On cross-examination by the attorney for the college board he stated that he was the general contractor and contracted with Wood. He also said that he was responsible for the subcontract.

The ground for St. Paul's motion was that, since it had not made any bond on behalf of Robert Ford d/b/a Ford Construction Company, appellant was not entitled to any judgment against it. This motion was first granted. The court then granted a motion to dismiss as to Ford, on the basis that Wood's contract was with the corporation. The circuit judge clearly indicated that the motion was granted for defect of parties, and not as a directed verdict.

St. Paul Fire & Marine Insurance Company never raised any question about any defect of parties until after all evidence in chief on behalf of the plaintiff, appellant here, and both defendants, appellees here, had been completed. When it answered the complaint, this defendant obviously knew that Robert Ford, as a sole proprietor, was named as the defendant, and the work to be done under the contract was clearly identified. Its answer did not put the status of any party in issue. Instead it had the effect of admitting the status of its co-defendant. Ark. Stat. Ann. § 27-1121 (Repl. 1962). See *Meek* v. *United States Rubber Tire Company*, 244 Ark. 359, 425 S.W. 2d 323. No subsequent pleading by St. Paul ever raised this issue, even though Wood, by its pleadings, specifically identified the work for which it claimed to have been a sub-

contractor and Ford had filed its motion on November 5, 1971, specifically alleging that Ford, as an individual proprietor, was an improper party and that St. Paul was surety on the corporation's bond and not for Ford, individually. The motion was a joint one by Ford and the Ford corporation and simply asked that the name of the party defendant be corrected. Appellant had responded by alleging that Ford and the corporation were jointly and severally liable. That motion was denied. Ford Engineering & Construction Company, as third party plaintiff, proceeded on its third party complaint, and filed pleadings in the principal action jointly with Ford.

There was no sound basis for the dismissal. A defendant may demur to a complaint where there is a defect of parties, plaintiff or defendant. Ark. Stat. Ann. § 27-1115 (Repl. 1962). The defect here did not appear upon the face of the complaint, but the question was not raised by St. Paul by any written pleading. Failure of a plaintiff to join a necessary defendant in an action is waived by a named defendant's failure to specifically plead the defect by demurrer or answer, or to move that the missing party be joined. *Jordan* v. *Muse,* 88 Ark. 587, 115 S.W. 162; *Murphy* v. *Myar,* 95 Ark. 32, 128 S.W. 359. But the principal on the bond was not a necessary party. *National Surety Corp.* v. *Ideal Lumber Co.*, 249 Ark. 545, 460 S.W. 2d 55. The failure to make Ford Engineering and Construction Company a party defendant did not prejudice St. Paul in any way, and the dismissal as to St. Paul was clearly erroneous.

We also find error in the dismissal as to Robert Ford d/b/a Ford Construction Company. The motion to *dismiss* by Ford was made when the trial was virtually complete. All the while the corporation of which he was president was actively participating in the trial, at least as a third party plaintiff, under permission to plead as such, granted to Robert Ford. In his request for this permission Ford alleged that he had ascertained that a contract between him and the college bore directly upon the lawsuit. The permission was granted over Wood's objection. Ford, individually, had filed an answer which consisted of a general denial and a counterclaim. To this counterclaim, Ford had alleged that he and Jack Wood

Construction Company had entered into an agreement under which Wood was to install a blacktop base, and asphalt binder, and to do necessary "sub-grading" requirements on the athletic field at the college, but that Wood had failed to complete the project in the time and manner agreed upon, thus causing a penalty to be assessed against Ford. He prayed judgment against Jack Wood Construction Company for the amount of the penalty. Wood then asked that Ford be required to make his counterclaim more definite and certain by setting forth the contract terms and conditions in specific detail and to attach a copy of any written instrument containing any of these terms. Ford's only response was that the contract was oral and that any specific details could be more appropriately obtained through interrogatories or deposition.

In the third party complaint there were allegations that Robert Ford, acting for Ford Engineering & Construction Company, had entered into some agreement with the college. Nearly a year after the motion to correct the name of the defendant was denied, the college board filed a demurrer to the third party complaint on the ground that the Ford corporation was not properly a party to the action. This demurrer was later overruled but Ford Engineering & Construction Company had responded, alleging that it was the actual and real party in interest in the litigation. Later, the attorneys, who represented both Ford, individually, and the corporation, gave notice that the defendant and third party plaintiff would take certain depositions. Still later, Ford and Ford Engineering & Construction Company, as the defendant and the third party plaintiff, jointly filed a motion to require the plaintiff (appellant) to make an amendment to its complaint more definite and certain.

Thus, after a battle of pleadings extending over a period of nearly four years, Robert Ford moved for a dismissal, which was granted for a defect of parties.

If Ford Engineering & Construction Company had any place in the litigation at all, it was as a defendant or as an intervenor. This is not a tort action, and third party practice, strictly speaking, was not authorized in this action at the time Robert Ford was asking for permission to file the third party

complaint or at the time Ford Engineering & Construction Company filed it. See Ark. Stat. Ann. § 34-1007 et seq (Repl. 1962); Ark. Stat. Ann. § 27-1134.1 (Supp. 1973). But we regard the substance of pleadings, rather than their label. *Little Rock Land Company* v. *Raper*, 245 Ark. 641, 433 S.W. 2d 836. When we do so, the Ford corporation's filing the third party complaint under permission granted to Ford, individually, through the attorneys who represented both parties throughout the litigation, when considered along with the counterclaim of Ford, d/b/a Ford Construction Company, should be considered as an entry of appearance by the corporation and the pleading to be a cross-complaint under Ark. Stat. Ann. § 27-1134 (Repl. 1962). It is noteworthy that in response to the Ford motion to substitute the corporation for the individual, Wood had alleged that they were jointly and severally liable on the contract and that the corporation had later asserted that it was the real party in interest in the case. Any lingering doubt about the entry of appearance and the fact that the Ford corporation had become a party to the action is clearly eliminated by the motion to correct (which was denied) when Wood responded that he contended that there was joint and several liability by the individual and the corporation, and the corporation's denial that it was an interloper and flat assertion that it, not Ford individually, was the real party in interest. One may to all intents and purposes be a party to an action, even though all the formalities in making him such upon the record have not been observed. See *Phillips* v. *Matthews*, 203 Ark. 100, 155 S.W. 2d 716.

Even if the third party complaint were not to be considered as a cross-complaint by a defendant in the action, Ford Engineering and Construction Company was, to say the least, an intervenor. An intervention is a proceeding by which a person, not originally a party to an action, is permitted to and does become a party to the pending proceeding for the protection of some right or interest alleged by him to be affected by the proceeding. *Gorham* v. *Hall*, 172 Ark. 744, 290 S.W. 357. The alignment of the parties as plaintiffs and defendants after an intervention depends upon substance rather than form and may be determined by analysis of the proceedings in the case. 59 Am. Jur. 2d 616, Parties § 178; *Allman* v. *Potts*, 140 Mont. 312, 371 P. 2d 11, 92 A.L.R. 2d

1104 (1962). See also, *Gorham v. Hall,* supra; *Savage v. Cowen,* 33 S.W. 2d 433, (Tex. Com. App., 1930).

A defect of parties may be cured by intervention of the nonjoined party. *Fairbanks* v. *McAllen,* 170 S.W. 2d 581 (Tex. Civ. App. 1943). A review of the pleadings in this case shows that Ford Engineering & Construction Company cured any defect of parties that might have existed.

Appellees argued that appellant failed to comply with our Rule 9 by not abstracting the testimony at the trial so we could determine whether Wood was barred from a recovery due to its failure to perform. This might be so if the circuit court has directed a verdict in the case. But it did not, and the circuit court expressly disavowed any intention to do so, saying that he granted the oral motions of appellees to dismiss.

The judgment of dismissal is reversed and the cause remanded for further proceedings.