John Dan Kemp, Chief Justice, dissenting. I would affirm the circuit court’s grant of summary judgment because Farris’s purported breach-of-contract action sounds in negligence, and her cause of action is time-barred by the three-year statute of limitations applicable to negligence claims. For these reasons, I respectfully dissent. IsThis court looks to the gist of the complaint to determine whether an allegation sounds in negligence or contract. See, e.g., Pounders v. Reif, 2009 Ark. 581, 2009 WL 3878290. In Sturgis v. Skokos, 335 Ark. 41, 977 S.W.2d 217 (1998), this court examined whether a complaint sounded in negligence or contract and stated: The complaint in this case obviously contained a claim of breach of contract. The question thus becomes whether the reference to diligence in the contract is the sort of specific promise that transforms the gist of the action from one for negligence into one for breach of the written agreement. We hold that it does not. The obligation to act diligently is present in every lawyer-client relationship. The violation of that obligation is, by definition, nothing more than negligence. Id. at 49, 977 S.W.2d at 221 (emphasis added). In this instance, Farris alleges in her amended complaint that 25. Conger Wealth Management had exclusive control over Dr. Farris’[s] Fidelity Investment Account. By agreeing and assuring Dr. Farris that they would execute transfer of funds in a timely fashion so that the funds available to purchase the property and in failing to do so, the [appellees] breached the written Wealth Management Services contract with Dr. Farris. 26. The [appellees’] breaches of contract include, but are not limited to, failing to arrange for execution of the brokerage transaction as directed by Dr. Farris in a timely fashion and in compliance with Paragraph 5 of the written Wealth Management Agreement. 27. This breach of contract proximately caused Dr. Farris financial damages that would not have occurred otherwise. Here, Farris alleges a breach-of-contract action. However, this court looks to the substance of a pleading instead of its label. See, e.g,, Cornett v. Prather, 293 Ark. 108, 737 S.W.2d 159 (1987); Jack Wood Constr. Co., Inc. v. Ford, 258 Ark. 47, 522 S.W.2d 408 (1975). The gist of Farris’s allegation is that Conger “failed to arrange for execution of the brokerage transaction as directed by Dr. Farris in a timely fashion and in compliance” with the wealth-management agreement. This “failing to arrange” amounts to a failure to act diligently — a breach of duty — on Conger’s part that is “nothing more than negligence.” Sturgis, 335 Ark. at 49, |9977 S.W.2d at 221. Further, Farris alleges an essential element for a negligence cause of action by stating that the “breach of contract proximately caused” her compensatory and punitive damages. See Branscumb v. Freeman, 360 Ark. 171, 200 S.W.3d 411 (2004) (stating that, in order to prevail on a claim of negligence, the plaintiff must prove that the defendant owed a duty to the plaintiff, that the defendant breached that duty, and that the breach was the proximate cause of the plaintiffs damages). Based on this analysis, I conclude that Farris’s allegations sound in negligence and that the three-year statute of limitations applies, thereby barring her claim. Accordingly, I would affirm the circuit court’s grant of summary judgment.